# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO,<br><br>    Plaintiff,<br><br>v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>    Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>ORDER DENYING DEFENDANT'S REQUEST TO SEAL WITHOUT PREJUDICE<br><br>(ECF No. 28) |

On March 25, 2021, Defendant Kaweah Manor, Inc. ("Kaweah"), filed a notice of request to seal documents pursuant to Local Rule 141(b).  (ECF No. 28.)

While the documents to be sealed are stated to have been sent to the Court via email, referenced as Exhibit A to the declaration of Lann G. McIntyre, no such exhibit or documents sought to be sealed were attached to the documents provided to the Court via email.  L.R. 141(b). If Defendant Kaweah seeks Court approval of the request to seal, they shall send the documents sought to be sealed to the Court via email.  Id.

The documents sought to be placed under seal appears to be referenced as a "Defendant's Good Faith Settlement Motion," and the declaration attached thereto.  (ECF No. 28 at 3.)  The Court informs Defendant that where documents are accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events . . . 'compelling reasons' must be shown

to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. Further, the Ninth Circuit has recently found that the focus is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).  If Defendant Kaweah seeks Court approval of the request to seal, they shall address the compelling reasons standard in their request, or present an argument as to why such standard does not apply to a good faith settlement motion.

For these reasons, the Court shall deny the request to seal without prejudice and order Defendant Kaweah to address the issues discussed above if it wishes to seal such documents.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Kaweah's request to seal documents (ECF No. 28), is DENIED without prejudice[2]; and
2. If Defendant Kaweah seeks to seal the good faith settlement motion, it shall file a renewed request to seal addressing the compelling reasons standard and email the relevant documents to the Court pursuant to Local Rule 141(b).

IT IS SO ORDERED.

Dated:  **March 26, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may also choose to consider whether such good faith settlement motion would be necessary if the non-settling parties agree to stipulate to the dismissal of the settling defendant under Rule 41 of the Federal Rules of Civil Procedure.

[2] The Court finds adjudication by a magistrate judge of this motion appropriate. See L.R. 302(c)(1) ("all stipulations and motions relating to protective orders and sealing documents submitted or filed for hearing before discovery cutoff."); Ambriz v. CVS Pharmacy, Inc., No. 119CV01391NONEBAM, 2020 WL 4368364, at *1 (E.D. Cal. July 30, 2020).