**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANN G. McINTYRE, SB# 106067
  E-Mail: Lann.McIntyre@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant, KAWEAH MANOR, INC.,
dba KAWEAH MANOR CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO,<br><br>Plaintiffs,<br><br>vs.<br><br>KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL; SPRUCE HOLDINGS LLC, d/b/a REDWOOD SPRINGS HEALTHCARE CENTER; AND DOES 1-50,<br><br>Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>[Removal from Superior Court of California, County of Tulare Case No. ] VCU284261<br><br>**DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF REQUEST TO SEAL DOCUMENTS; DECLARATION OF LANN G. McINTYRE** |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Eastern District Local Rule 141, Defendant KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL ("Kaweah") seeks an order permitting the filing under seal of the following documents:

1. The Motion for Good Faith Settlement Determination pertaining to the confidential settlement agreement reached in this matter by and between Plaintiffs and Defendant Kaweah.

1  Filing under seal is sought on the grounds that the information contained in the aforementioned documents constitutes confidential settlement information and the settlement agreement related thereto includes a confidentiality clause which precludes the parties from disclosing any of the terms of the settlement.  Plaintiffs do not object to the current request.  [Declaration of Lann G. McIntyre.]

The Request to Seal Documents, Proposed Order Granting Request to Seal Documents, and the documents sought to be sealed were provided to Plaintiffs' counsel on March 17, 2021.

The Request to Seal Documents, Proposed Order Granting Request to Seal Documents, and the documents sought to be sealed were submitted to the Court on March 25, 2021, via e-mail to Magistrate Judge Stanley A. Boone's proposed orders email address, saborders@caed.uscourts.gov, with the e-mail subject line "Case No. 1:20-cv-01719-NONE-SAB– Request to Seal Documents," pursuant to Local Rule 141(b).

This Notice is based on all of the pleadings, files, and records in this proceeding, and on such argument and evidence as may be presented to the Court.

Dated:  March 31, 2021          Lewis Brisbois Bisgaard & Smith LLP

By: /s/ Lann G. McIntyre
Lann G. McIntyre
Attorneys for Defendant, KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL



4812-7459-7091.1                                 2
DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF REQUEST TO SEAL DOCUMENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendant, KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL and Plaintiff GARY GAGLIOLO, as the Heir of and Successors in Interest to ESTATE OF JOSEPH GAGLIOLO, deceased ("Plaintiffs"), entered into a confidential settlement agreement whereby Plaintiffs agreed to dismiss with prejudice in exchange for a waiver of costs all claims for Negligence, Willful Misconduct, Elder Abuse. In exchange, Plaintiffs agreed to dismiss with prejudice all of claims, both known and unknown, against KAWEAH. As part of the considerable discussions regarding the allegations in the complaint and resolution of the matter, KAWEAH and Plaintiffs agreed to confidentiality as a condition of settlement.

Defendant KAWEAH requests the sealing of the Motion for Good Faith Settlement because one of the bargained for terms of the Settlement Agreement between Plaintiffs and Defendant KAWEAH is that the settlement terms remain confidential. In order to proceed with Defendant KAWEAH's Motion for Good Faith Settlement, the Court, along with all parties, have been notified of the settlement terms. However, the Settlement Agreement also includes provisions that require the settlement remain confidential as between the parties. In order to give effect to the confidentiality provisions of the Settlement Agreement, and allow the settlement to be finalized between the settling parties, Defendant KAWEAH herein requests that the Motion for Determination of Good Faith Settlement be filed under Court seal.

The Court requested Defendant KAWEAH refile the request to seal the Motion for Good Faith Settlement with compelling reasons supporting such request. (Doc. 29); citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Defendant KAWEAH respectfully requests that this Court grant its Request to Seal the Motion for Good Faith Settlement because protecting the confidential terms of the settlement agreement from disclosure to the public far outweighs the public's interest in an open judicial process, and this Court should allow the Motion to be filed under seal.

### II.  AUTHORITY FOR SEALING

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns Inc.*,

(1978) 435 U.S. 589, 597. Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, (9th Cir. 2003) 331 F.3d 1122, 1135. The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo (Amodeo II)*, (2d Cir. 1995) 71 F.3d 1044, 1048; see also *Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, (1986) 798 F.2d 1289, 1294 (explaining that the presumption of public access "promot[es]the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu,* (9th Cir. 2006) 447 F.3d 1172, 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. The court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Id*. at 598–99. Courts "should consider all relevant factors." *Foltz*, 331 F.3d at 1135 (9th Cir. 2003).

At the same time, "'the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.' *Nixon*, 435 U.S. at 598." *In re Hydroxycut Mktg. & Sales Practices Litig.,* (S.D.Cal. Aug. 24, 2011, No. 09md2087 BTM (AJB)) 2011 U.S.Dist.LEXIS 95289, at *3-4. See, also, *SMD Software, Inc. v. EMove, Inc.*, (E.D.N.C. Mar. 15, 2013, No. 5:08-CV-403-FL) 2013 U.S.Dist.LEXIS 35970), at *6 (noting compelling reasons to seal "confidential information such as plaintiff's pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information …").

"[I]t is a well-established public policy in this state that settlements of litigation are favored and should be encouraged." (*Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1339).  The at-issue settlement agreement was conditioned on a specifically negotiated confidentiality agreement that protected the interests of all parties.  (See *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1280-81) (identifying enforcement of a contracted for confidentiality agreement as an "overriding interest").

Defendant KAWEAH's inability to reference the express terms of the Settlement Agreement in submitting a Motion for Good Faith Settlement unduly prejudices Plaintiffs and Defendant KAWEAH in this action.  Specifically, the parties entered into arms-length settlement discussions resulting in a resolution of the matter by and between Plaintiffs and Defendant KAWEAH. Filing a Motion for Determination of Good Faith Settlement is necessary to effectuate and finalize the settlement agreement. No public interest would be served in allowing a disclosure of the terms and conditions of the parties' **confidential** settlement.  On the other hand, Plaintiffs and Defendant KAWEAH have a compelling interest in maintaining the confidentiality of the Settlement Agreement, as it relates to Defendant KAWEAH's own compliance with its terms. For the foregoing reasons, good cause exists to seal the Motion for Good Faith Settlement as requested.

### III. CONCLUSION

For the foregoing reasons, Defendant KAWEAH respectfully requests that this Court enter an order placing the Motion for Good Faith Settlement, Exhibit "A" to the Declaration of Lann G. McIntyre (Settlement Agreement) under seal.

Dated:  March 31, 2021          Lewis Brisbois Bisgaard & Smith LLP

By:  /s/ Lann G. McIntyre
 Lann G. McIntyre
 Attorneys for Defendant, KAWEAH  MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL

### **DECLARATION OF LANN G. McINTYRE**

I, Lann G. McIntyre, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL ("Defendant). The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. A Confidential Settlement Agreement was entered into by and between Plaintiff GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO and Defendant KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL. The terms of this Agreement, including confidentiality, form the basis for Defendant's Request to Seal the following documents: Defendant's Good Faith Settlement Motion and Declaration of Lann G. McIntyre attached therewith. This Motion is attached as hereto as **Exhibit A**.

3. Our office provided Plaintiffs' counsel a copy of Defendant's Good Faith Settlement Motion and Notice of Request to Seal Documents, with proposed orders, and on March 23, 2020, Plaintiffs' counsel informed us they were not objecting to the Request to Seal.

4. The documents which are requested to be sealed should not be shared with anyone but the parties to the action, this Court, and this Court's personnel as needed.

5. As to **Exhibit A**, the number of pages sought to be sealed total eight (8).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 31, 2021                              */s/* Lann G. McIntyre
                                                               Lann G. McIntyre

**FEDERAL COURT PROOF OF SERVICE**
Gagliolo, et al v. Kaweah Manor, Inc. etc al
USDC Eastern District - Case No. 1:20-at-00990

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 31, 2021, I served the following document(s): **DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF REQUEST TO SEAL DOCUMENTS; DECLARATION OF LANN G. McINTYRE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dawn M. Smith, Esq.<br>Eric D. Hitchcock, Esq.<br>SMITH CLINESMITH, LLP<br>325 N. St. Paul St., 29th Floor<br>Dallas, TX 75201<br>Tel No.: (214) 953-1900<br>Fax No.: (214) 953-1901<br>Email: dawn@smithclinesmith.com<br>eric@smithclinesmith.com<br>service@smithcinesmith.com<br><br>***Attorneys for Plaintiffs GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO*** | William C. Wilson, Esq.<br>Kim S. Cruz, Esq.<br>Ryan G. Canavan, Esq.<br>WILSON GETTY LLP<br>12555 High Bluff Drive, Suite 270<br>San Diego, CA 92130<br>Tel: (858) 847-3237<br>Fax: (858) 847-3365<br>Emails:<br>rcanavan@wilsongetty.com;<br>tjamois@wilsongetty.com;<br>KCruz@wilsongetty.com;<br>fvillalpando@wilsongetty.com<br><br>***Attorneys for Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER*** |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 31, 2021, at Los Angeles, California.

/s/ Yissel Lopez



4812-7459-7091.1

7

DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF REQUEST TO SEAL DOCUMENTS