# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO,<br><br>              Plaintiff,<br><br>     v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>              Defendants. | Case No.  1:20-cv-01719-NONE-SAB<br><br>ORDER DENYING DEFENDANT'S REQUEST TO SEAL WITHOUT PREJUDICE<br><br>(ECF No. 30) |

## I.

## INTRODUCTION

Currently pending before the Court is a request to seal documents filed by Defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital's (hereinafter "Kaweah").  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).  The Court, having reviewed the request and the declaration attached thereto, as well as the underlying documents sought to be filed under seal, finds the matter suitable for decision without further briefing or oral argument.  <u>See</u> Local Rule 230(g).  For the reasons explained herein, Defendant Kaweah's request shall be denied without prejudice.

## II.

## BACKGROUND

On September 11, 2020, Plaintiff Gary Gagliolo, individually and as successor-in-interest to the estate of Joseph Gagliolo, commenced this action in the Superior Court of California,

1    County of Tulare, against Defendant Kaweah, and Defendant Spruce Holdings, LLC, dba
2    Redwood Springs Healthcare Center (hereinafter "Spruce"). (ECF No. 3-1 at 2.) The action was
3    removed to the Eastern District of California on December 7, 2020. (ECF Nos. 1, 2, 3, 4.)
4    Plaintiff alleges that due to the wrongful acts and omissions of Defendants, Joseph Gagliolo
5    became infected with COVID-19 during his residency at Redwood Springs Healthcare Center,
6    and died due to the virus on April 27, 2020. (ECF No. 3-1 at 6-7.) The complaint brings causes
7    of action for: (1) negligence; (2) willful misconduct; (3) violations of the Elder and Dependent
8    Adult Civil Protection Act; and (4) wrongful death. (ECF No. 3-1 at 2.)

9         On March 25, 2021, Defendant Kaweah filed an earlier request to seal the same
10   underlying documents sought to be sealed here. (ECF No. 28.) The documents requested to be
11   sealed were not sent to the Court via email as required by the Local Rules, and the Court denied
12   the request without prejudice on March 26, 2021. (ECF No. 29.) The Court also directed
13   Defendant Kaweah to address the compelling reasons standard for sealing documents, or present
14   an argument as to why such standard does not apply to sealing a good faith settlement motion.
15   (Id. at 2.)

16        On March 31, 2021, Defendant Kaweah filed the request to seal documents that is the
17   subject of this order. (ECF No. 30.) Defendant Kaweah seeks to seal a motion for good faith
18   settlement in its entirety. (Id.) On April 7, 2021, the district judge assigned to this action
19   referred the request to seal and the forthcoming motion for good faith settlement to the
20   undersigned for appropriate action. (ECF No. 32.) Defendant Kaweah proffers that Plaintiff
21   does not object to the request to seal. (Decl. Lann G. McIntyre Supp. Req. Seal ("McIntyre
22   Decl.") ¶ 3, ECF No. 30 at 6.) Defendant Spruce did not file any opposition to the request to
23   seal.

24                                         **III.**

25                                  **LEGAL STANDARD**

26        Pursuant to the Local Rules of the United States District Court, Eastern District of
27   California, documents may only be sealed by written order of the Court upon the showing
28   required by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect

                                          2

and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. Courts recognize a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989); Kamakana, 447 F.3d at 1179 ("Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana, 447 F.3d at 1179 (quoting Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

Accordingly, the Court begins with the presumption that compelling reasons must be shown to seal documents not traditionally kept secret. See, e.g., Kamakana, 447 F.3d at 1179. It is clear that where the documents sought to be sealed are a dispositive pleading, such as a motion for summary judgment, or are attached to such motion, the strong presumption in favor of access fully applies because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (" (citations omitted). The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "[i]n sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." Kamakana, 447 F.3d at 1179 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy [whereas a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.") (quoting Foltz, 331 F.3d at 1135). More recently, the Ninth Circuit has clarified that the focus in determining whether compelling reasons must be shown is not on the dispositive nature of the motion, but whether the motion at issue is more than

tangentially related to the merits of the case.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016) (hereinafter "Auto Safety").  Therefore, compelling reasons must be shown to seal a motion that is more than tangentially related to the merits of the case, or records attached thereto.  Id.

Under the compelling reasons standard, a party seeking to have the document sealed must articulate compelling reasons supported by specific factual findings; must identify the interests that favor secrecy; and must show that these specific interests overcome the presumption of access because they outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process.  Kamakana, 447 F.3d at 1179-1181.  The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed.  Id. at 1178-79.  This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret.  Id. at 1179.  After consideration of these interests, if the Court decides to seal the records, the Court is required to " base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)).  The fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records. Foltz, 331 F.3d at 1138.

The Ninth Circuit has "carved out an exception to the presumption of access." Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135).  This exception applies where the request to seal addresses "private materials unearthed in discovery," such as discovery or non-dispositive motions, and the moving party is required to only show that good cause exists to seal the documents.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010); but see Auto Safety, 809 F.3d at 1101 (rejecting mechanical distinction between dispositive and non-dispositive motions).  This is because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only

1  tangentially related, to the underlying cause of action.' " <u>Kamakana</u>, 447 F.3d at 1179 (quoting
2  <u>Foltz</u>, 331 F.3d at 1135).  The good cause standard is rooted in the Court's powers under Rule 26
3  pertaining to discovery and protective orders.  <u>See</u> <u>Kamakana</u>, 447 F.3d 1172, 1180 (9th Cir.
4  2006) ("Rule 26(c) gives the district court much flexibility in balancing and protecting the
5  interests of private parties.").  "Different interests are at stake with the right of access than with
6  Rule 26(c); with the former, the private interests of the litigants are not the only weights on the
7  scale [as] [u]nlike private materials unearthed during discovery, judicial records are public
8  documents almost by definition, and the public is entitled to access by default."  <u>Id.</u>

9                                         **IV.**

10                                   **DISCUSSION**

11        Defendant Kaweah seeks to seal a forthcoming motion for good faith settlement on the
12  basis that one of the bargained for terms of the settlement agreement between Plaintiff and
13  Defendant Kaweah was that the settlement terms remain confidential.  (Def. Kaweah's Req. Seal
14  ("Req") 3, ECF No. 30.)

15        **A.     Arguments Presented by Defendant Kaweah in Favor of Sealing**

16        Defendant Kaweah and Plaintiff entered into a confidential settlement agreement
17  whereby Plaintiff agreed to dismiss with prejudice all claims both known and unknown against
18  Kaweah.  (Req. 3.)  As a term bargained for in the settlement agreement, Kaweah and Plaintiff
19  agreed to confidentiality of the settlement agreement.  (<u>Id.</u>)  Kaweah proffers that in order to
20  proceed with a motion for good faith settlement, the Court and all parties have been notified of
21  the settlement terms.  (<u>Id.</u>)  To give effect to the confidentiality provisions of the settlement
22  agreement, and to allow for the settlement to be finalized between the settling parties, Defendant
23  Kaweah requests that the motion for good faith settlement be filed under seal.  (<u>Id.</u>)

24        Kaweah submits that the Court should grant the request to seal because "protecting the
25  confidential terms of the settlement agreement from disclosure to the public far outweighs the
26  public's interest in an open judicial process."  (Req. 3.)  Kaweah argues that the inability to
27  reference the express terms of the settlement agreement in submitting a motion for good faith
28  settlement unduly prejudices Plaintiff and Defendant Kaweah in this action.  (Req. 5.)  Kaweah

1  states the parties entered into arms-length settlement discussions resulting in a resolution of the

2  matter by and between Plaintiff and Defendant Kaweah, and the filing of a motion for

3  determination of good faith settlement is necessary to effectuate and finalize the settlement

4  agreement.  (Req. 5.)  Finally, Defendant Kaweah proffers that "[n]o public interest would be

5  served in allowing a disclosure of the terms and conditions of the parties' **confidential**

6  settlement, " whereas Kaweah and Plaintiff Defendant have a compelling interest in maintaining

7  the confidentiality of the settlement agreement as it relates to Kaweah's own compliance with its

8  terms.  (Id. (emphasis in original).)

9       **B.    Whether the Compelling Reasons Standard Applies**

10      The Court will preliminarily address whether compelling reasons must be shown to seal

11  the motion for good faith settlement.

12      Defendant Kaweah acknowledges that the Court requested it to refile the request to seal

13  with compelling reasons supporting the request, and now argues compelling reasons do exist.

14  (Req. 3.)  The Court notes its previous order also suggested to Kaweah that it could present an

15  argument as to why the compelling reasons standard would not apply to sealing a good faith

16  settlement motion (ECF No. 29 at 2), however, Kaweah presented no argument that the

17  compelling reasons standard would not apply to this request.

18      As averred to above, the Ninth Circuit has moved away "from a 'binary' or 'mechanical'

19  approach for determining whether a motion is dispositive [and has instead] emphasized that most

20  litigation activity . . . is not literally dispositive 'but nevertheless involves important issues and

21  information to which our case law demands the public should have access.' "  Lucy Chi v. Univ.

22  of S. California, No. 218CV04258SVWGJS, 2019 WL 3315282, at *3 (C.D. Cal. May 21, 2019)

23  (quoting Auto Safety, 809 F.3d at 1098).  "To only apply the compelling reasons test to the

24  narrow category of 'dispositive motions' goes against the long held interest 'in ensuring the

25  public's understanding of the judicial process and of significant public events.' "  Auto Safety,

26  809 F.3d at 1098 (quoting Kamakana, 447 F.3d at 1179).  The Ninth Circuit held that the proper

27  inquiry is not whether the motion sought to be sealed is classified as dispositive, but rather "[t]he

28  focus in all of our cases is on whether the motion at issue is more than tangentially related to the

6

1   underlying cause of action." <u>Auto Safety</u>, 809 F.3d at 1098 (citations omitted).

2          The Court observes that at least prior to the Ninth Circuit's decision in <u>Auto Safety</u>, there

3   were some differing decisions by district courts in adjudicating requests to seal documents

4   related to settlement agreements.  In <u>Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.</u>, 2011 WL

5   704456, at * 1 (N.D. Cal. Feb.18, 2011), the court found that "[b]ecause a motion to determine

6   good faith settlement is only tangentially related to the merits of the underlying cause of action,

7   it constitutes a non-dispositive motion [and] [t]hus, the parties need only show good cause to

8   justify sealing the documents."  The court found good cause to seal documents disclosing the

9   confidential settlement agreement, and held the declaration of counsel "consist[ed] entirely or

10  substantially of confidential material relating to the terms of the Agreement," and allowed

11  sealing "in its entirety."  <u>Id.</u>  On the other hand, the court found sealing the motion for good faith

12  settlement and statement of non-opposition in their entirety was not justified because although

13  the documents referenced the settlement agreement, the documents were not "primarily

14  concerned with confidential information and d[id] not discuss the settlement provisions in

15  detail."  <u>Id.</u> ("In particular, the documents consist largely of legal arguments about the good faith

16  nature of the settlement, and it appears that the portions of the brief that discuss confidential or

17  propriety information could easily be redacted.").  The court directed the parties to submit a

18  redacted version of the document that could be filed on the public record pursuant local rule, and

19  held that if the redacted versions were narrowly tailored to omit only sealable material, the court

20  would permit the unredacted versions to be filed under seal.  <u>Id.</u>

21         In <u>Select Portfolio</u>, the settling defendants sought to seal documents in relation to a

22  motion for good faith settlement on the basis that the settlement agreement provided the terms

23  were to remain confidential.  <u>Select Portfolio Servicing v. Valentino</u>, No. C 12-0334 SI, 2013

24  WL 1800039, at *1 (N.D. Cal. Apr. 29, 2013).  The settling defendants sought to redact all

25  mentions of the settlement terms in the forthcoming memorandum of points and authorities, and

26  to seal the entirety of the settlement agreement that was to be attached to the motion.  <u>Id.</u>

27  Decided before <u>Auto Safety</u>, the court observed there was not much guidance from the Ninth

28  Circuit at the time in determining whether a motion was dispositive for purposes of sealing, and

1   noted courts in the Ninth Circuit "differ on whether a motion to approve a settlement agreement

2   that releases parties from a case is a dispositive or non-dispositive motion for sealing purposes."

3   Id. at *2 (collecting cases)  The court stated it "need not pause long on this disagreement because

4   here settling defendants have failed to make a showing under either the compelling reasons

5   standard for dispositive motions or the lower good cause standard for non-dispositive motions."

6   Id. at *2.  The Court stated that even under the lower standard, the party must still make a

7   "particularized showing" of "specific harm or prejudice will result if the information is

8   disclosed."  Id. (citations omitted).

9         It appears that since the decision in Auto Safety, courts in the Ninth Circuit are more

10  inclined to apply the compelling reasons standard to motions related to settlements.  See Carijano

11  v. Occidental Petroleum Corp., No. CV075068PSGPJWX, 2019 WL 6896921, at *4 (C.D. Cal.

12  June 20, 2019) ("Prior to the Ninth Circuit's decision in *Auto Safety*, district courts within the

13  Circuit had disagreed about whether documents related to a settlement should be subject to the

14  compelling reasons or good cause standard . . . Since *Auto Safety*, however, it appears that courts

15  in the Circuit have uniformly held that the compelling reasons standard should apply to

16  approvals of settlements.") (collecting cases).  While there is some lack of direct clarity on the

17  issue of what standard would apply specifically to a motion for good faith settlement, similar to

18  the finding of the Carijano court, the Court finds that the presumption following Auto Safety

19  appears to be a more straightforward line to the compelling reasons standard rather than the

20  motion falling within the "carved out exception" stemming from the Court's power to enter

21  protective orders under Rule 26.  See Auto Safety, 809 F.3d at 1097–99 (9th Cir. 2016) ("Despite

22  this strong preference for public access, we have 'carved out an exception,' . . . for sealed

23  materials attached to a discovery motion unrelated to the merits of a case.") (quoting Foltz, 331

24  F.3d at 1135).

25        Accordingly, the Court will proceed on the basis that the compelling standard applies,

26  particularly given Defendant Kaweah proffered no argument as to why it would not apply despite

27  the Court's previous invitation to present such argument.  However, while the Court denies

28  Kaweah's request to seal for not satisfying the compelling reasons standard as explained below,

1   the Court would not completely foreclose Kaweah from presenting an argument on this issue in a

2   renewed motion, though Kaweah should keep in mind the above case law that appears to direct

3   the Court to apply the compelling reasons standard.  Kaweah should also consider whether the

4   proffered reasons presented here would be sufficiently specific or particularized to satisfy the

5   good cause standard.  See Select Portfolio, 2013 WL 1800039, at *2.

6         **C.    Defendant Kaweah has Failed to Present Compelling Reasons to Seal**

7         Kaweah's arguments, summarized above, essentially are: (1) that protecting the

8   confidential settlement agreement from disclosure outweighs the public's interest in an open

9   judicial process, and in fact, no public interest would be served in disclosing the confidential

10  settlement; and (2) a motion for good faith settlement is necessary to finalize the settlement and

11  the inability to reference the terms of the agreement in the motion would unduly prejudice

12  Plaintiff and Kaweah.  (Req. 3.)

13        "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial

14  court.' " Auto Safety, 809 F.3d at 1097 (quoting Nixon, 435 U.S. at 599).  Even allowing

15  leeway for presentation in a manner to protect confidential information, the Court first finds that

16  Defendant Kaweah request to seal does not present any specific or articulable reasons connected

17  to this particular case, the parties, the motion, or the settlement agreement here, as to why the

18  Court should find compelling reasons to seal this motion.  For example, there has been no

19  discussion about whether there is information contained in the motion or the settlement

20  agreement that is of the type of information normally protected through sealing, such as trade

21  secrets, or information that may be used for an improper purpose.  See M.P. ex rel. Provins v.

22  Lowe's Companies, Inc., No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3,

23  2012) (noting compelling reasons to seal court records exist when the records might "become a

24  vehicle for improper purposes, such as the use of records to gratify private spite, promote public

25  scandal, circulate libelous statements, or release trade secrets . . . [and] [t]he mere fact that the

26  production of records may lead to a litigant's embarrassment, incrimination, or exposure to

27  further litigation will not, without more, compel the court to seal its records.") (quoting

28  Kamakana, 447 F.3d at 1179) (internal quotation marks omitted); Gamble v. Arpaio, No. CV-12-

1  790-PHX-GMS, 2013 WL 142260, at *5 (D. Ariz. Jan. 11, 2013) (noting same); see also

2  Microsoft Corp. v. Hon Hai Precision Indus. Co., No. 19-CV-01279-LHK, 2020 WL 8991707, at

3  *3 (N.D. Cal. Feb. 21, 2020) ("Finally, the Court acknowledges that while pricing terms, royalty

4  rates, and guaranteed minimum payment terms meet the compelling reasons standard for sealing

5  . . . much of the redacted material does not fall into these categories.") (quoting In re Elec. Arts,

6  Inc., 298 Fed. App'x 568, 569 (9th Cir. 2008) (quotation marks omitted).

7         Proffering only the fact that the parties agreed to keep the settlement agreement

8  confidential is an insufficient basis for the Court to seal a court record.  See M.P. ex rel. Provins,

9  2012 WL 1574801, at *2 ("Further, '[t]he [mere] fact that the parties' agreement contains a

10 confidentiality provision is an insufficient interest to overcome the presumption that a[ ] [court]

11 approved . . . settlement agreement is a judicial record, open to the public' . . . [and] '[o]nce the

12 matter is brought to the court for resolution, it is a public matter [and] [i]t is immaterial that

13 sealing of the settlement agreement is an integral part of a negotiated settlement between the

14 parties.' ") (first quoting Taylor v. AFS Techs., Inc., No. CV-092567-PHX-DGC, 2010 WL

15 2079750, at *2 (D. Ariz. May 24, 2010), then quoting Pessoa v. Countrywide Home Loans, Inc.,

16 No. 6:06–cv–1419–Orl–JGG, 2007 WL 1017577, at *1 (M.D. Fla. Apr.2, 2007)); see also

17 Gamble, 2013 WL 142260, at *5 ("Because the parties' prior settlement agreement required

18 them to maintain the confidentiality of the terms of their agreement is not a compelling reason to

19 seal the settlement agreement upon the filing of a dispositive motion.").

20        Kaweah states prejudice flows from the fact that if the motion for good faith settlement is

21 not filed under seal, Plaintiff and Kaweah would be prejudiced by the inability to reference the

22 settlement agreement in the motion.  However, the argument would become impermissibly

23 circular when determining whether to seal a court record.  The Court cannot base the decision to

24 seal on the fact that the parties are prejudiced from being unable to reference the document

25 because they agreed to keep the document confidential.  Instead, Kaweah must demonstrate

26 specific and particularized prejudice or harm that would flow from the release of the particular

27 content sought to be sealed.  See Microsoft Corp., 2020 WL 8991707, at *3 ("Microsoft's claim

28 that public release of the . . . draft of the Confidential Patent License Agreement 'would

10

1   significantly undermine Microsoft's bargaining position in licensing negotiations' is general and

2   conclusory, rather than particularized to each piece of information sought to be sealed . . .

3   [C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar

4   the public access to the documents.") (quoting Kamakana, 447 F.3d at 1182) (alteration in

5   original); Gamble, 2013 WL 142260, at *5; M.P. ex rel. Provins, 2012 WL 1574801, at *2.

6           As for Defendant's statement that *no* public interest would be served in allowing a

7   disclosure of the motion and underlying terms and conditions of the confidential settlement

8   agreement, the Court disagrees.  To satisfy the compelling reasons standard, the party seeking to

9   seal "bear[s] the burden of overcoming the presumption with 'compelling reasons supported by

10  specific factual findings' that outweigh the general history of access and the public policies

11  favoring disclosure." Microsoft Corp., 2020 WL 8991707, at *1 (quoting Kamakana, 447 F.3d

12  at 1178–79).  "Once the 'compelling reasons' standard applies, the Ninth Circuit does not require

13  a party seeking public disclosure of sealed documents to provide an independent public interest

14  in those documents [but rather,] [t]he 'strong presumption' in favor of access to judicial records

15  supplies a sufficient 'public interest in understanding the judicial process.' " Lucy Chi, 2019

16  WL 3315282, at *7 (quoting Kamakana, 447 F.3d at 1179).  The "public interest undergirding

17  the common law right of access to court records does not turn on whether the details of a

18  particular case are 'interesting,' or whether a party opposing access has deemed the available

19  information sufficient to satisfy the public's curiosity," but "[i]nstead, the public's interest in

20  accessing the documents under seal is predicated upon 'a venerable heritage rooted in the need

21  for openness in a democratic society.' " Lucy Chi, 2019 WL 3315282, at *7 (quoting California

22  ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d 1111, 1124 (C.D. Cal. 2005)).  "The

23  presumption of access exists because the citizens are entitled to observe, monitor, understand and

24  critique their courts-even in the most mundane of cases that excite *no* media interest-because

25  what transpires within our courtrooms belongs to our citizens in a fundamental way [and] [t]his

26  is why we require not just a showing of some possible reason to justify closure of the court to the

27  public, but a showing of a *compelling* one." Lockyer, 355 F. Supp. 2d at 1125 (emphasis in

28  original).

1    Thus, Kaweah's argument that the parties agreed to confidentiality and that no public

2  interest would be served in keeping the records public is not a compelling reason to seal the

3  forthcoming motion.   See Sever v. Icon Aircraft, Inc., No. 18-CV-00584-HSG, 2019 WL

4  343469, at *3 (N.D. Cal. Jan. 28, 2019) ("However, the parties' preference that their settlement

5  remain confidential does not outweigh the general history of access and the public policies

6  favoring disclosure, such as the public interest in understanding the judicial process and

7  significant public events.") (quotations marks and citations omitted); Carijano, 2019 WL

8  6896921, at *7 ("[T]he Court addresses Defendants' argument that confidentiality provisions in

9  the settlement agreement weigh in favor of keeping portions of it sealed . . . Defendants correctly

10  acknowledge that these provisions alone are insufficient to justify redacting the documents.").

11    As discussed above, there is some precedent for sealing confidential settlement

12  agreements or associated documents, however these decisions largely stem from the good cause

13  standard, as related to discovery, negotiations, or settlement in a different action.   See Lucy Chi,

14  2019 WL 3315282, at *5 (collecting cases regarding protective orders issued for confidential

15  settlement agreements and documents related to confidential negotiations); Gamble, 2013 WL

16  142260, at *3 (While denying request to seal for lack of compelling reasons, noting "[s]ome

17  district courts have sealed confidential settlement agreements because they '[b]enefit society and

18  the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and

19  presumably result in greater satisfaction to the parties[;] [s]ound judicial policy fosters and

20  protects this form of alternative dispute resolution[; and] [t]he secrecy of a settlement agreement

21  and the contractual rights of the parties thereunder deserve court protection.' ").   Nonetheless,

22  given the applicable case law and the reasons discussed above, Defendant Kaweah has not met

23  their burden to seal the forthcoming motion for good faith settlement.   Under the compelling

24  reasons standard, the Court is required to "base its decision on a compelling reason and articulate

25  the factual basis for its ruling, without relying on hypothesis or conjecture. " Kamakana, 447

26  F.3d at 1182 ("In the absence of specifically articulated reasons, 'meaningful appellate review is

27  impossible.' ") (quoting Hagestad, 49 F.3d at 1434-35).

28    The Court has not been provided a sufficient basis here to meet this standard, and the

request to seal will be denied.  The Court's denial will again be without prejudice, and proffers that a renewed request to seal presenting specific articulable compelling reasons, or a request narrowly tailored only to redact or seal certain portions of the forthcoming motion, *may* be sufficient.  See Salazar v. Sysco Cent. California, Inc., No. 115CV01758DADSKO, 2017 WL 68114, at *2 (E.D. Cal. Jan. 5, 2017) ("The court finds that the parties have presented sufficiently 'compelling reasons' for the sealing these portions . . . [as] [t]hese sections of the agreement pertain to aspects of the parties' agreement that are not relevant to settlement of plaintiff's PAGA claims[, and] [t]hus, but for plaintiffs' PAGA claims, the parties would have had no reason to submit these portions of the agreement to the court for approval, or otherwise publicly disclose these terms."); San Diego Comic Convention v. Dan Farr Prods., No. 14-CV-1865 AJB (JMA), 2018 WL 2717880, at *1-2 (S.D. Cal. June 5, 2018) (finding declaration in support of motion for new trial presented compelling reasons to seal the entire exhibit as "the motion is replete with references to confidential settlement discussions, negotiations between Plaintiff and a third party concerning a potential license for Plaintiff's trademarks, and direct quotations from emails referencing the same private discussions," and further granting other proposed redactions in declarations as they were narrowly tailored and there was a "particularized showing that specific harm will result if the information is made publicly available."); Blue Spike, LLC v. Adobe Sys., Inc., No. 14-CV-01647-YGR, 2015 WL 5542995, at *1 (N.D. Cal. Sept. 18, 2015) (in denying motion for attorneys' fees prior to Auto Safety, granting request under good cause standard in patent infringement action to "seal contractually confidential terms of settlement agreements and settlement discussions . . . [which were] designated, narrowly-tailored excerpts of the documents in question."), aff'd, 710 F. App'x 889 (Fed. Cir. 2018); Select Portfolio, 2013 WL 1800039, at *3 ("This denial is without prejudice to defendants' refiling the motion . . . in a format which includes a 'particularized showing' that 'specific harm or prejudice will result if the information is disclosed.' "); Microsoft Corp., 2020 WL 8991707, at *3 ("Microsoft may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable under applicable case law.").

/ / /

1

**V.**

2

**CONCLUSION AND ORDER**

3      For the reasons discussed above, the Court shall deny Defendant Kaweah's request to

4   seal without prejudice.

5      Accordingly, IT IS HEREBY ORDERED that:

6   1.      Defendant Kaweah's request to seal documents (ECF No. 30), is DENIED

7          without prejudice; and

8   2.      If Defendant Kaweah seeks to seal the forthcoming good faith settlement motion,

9          it shall file a renewed request to seal within fourteen (14) days of entry this order,

10         or otherwise file the forthcoming motion on the public docket.

11

IT IS SO ORDERED.

12

13   Dated:   **April 20, 2021**

_____

14                                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28