**LEWIS BRISBOIS BISGAARD & SMITH** LLP
LANN G. McINTYRE, SB# 106067
  E-Mail: Lann.McIntyre@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant, KAWEAH MANOR, INC.,
dba KAWEAH MANOR CONVALESCENT HOSPITAL

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO,<br><br>Plaintiffs,<br><br>vs.<br><br>KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL; SPRUCE HOLDINGS LLC, d/b/a REDWOOD SPRINGS HEALTHCARE CENTER; AND DOES 1-50,<br><br>Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>[Removal from Superior Court of California, County of Tulare Case No. ] VCU284261<br><br>**DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT C.C.P. SECTION 877.6(a)(2); DECLARATION OF LANN G. McINTYRE**<br><br>Hearing:  June 9, 2021<br>Time:     10:00 a.m.<br>Crtrm:    9 |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on (Wednesday) June 9, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 9 of the above-named court, located at 2500 Tulare Street, Fresno, California 93721. Defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital ("KAWEAH"), by and through its counsel of record, hereby moves this court

4826-5934-6142.2

DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF
MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

for an order finding that KAWEAH's settlement of this action with Plaintiff GARY GAGLIOLO, as the Heir of and Successors in Interest to ESTATE OF JOSEPH GAGLIOLO, deceased ("Plaintiffs"), was entered into in good faith in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of Lann G. McIntyre, the documents on file in this matter, and such other evidence as may properly be presented to the court at or before the hearing of this matter.

Dated:  May 7, 2021        Lewis Brisbois Bisgaard & Smith LLP

By: /s/ Lann G. McIntyre
Lann G. McIntyre
Attorneys for Defendant, KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed their complaint in state on September 11, 2020 in the Tulare County Superior Court, for injuries to and the death of Joseph Gagliolo, allegedly caused by the wrongful acts and omissions of Defendants. The matter was removed to the United States District Court for the Eastern District of California based on federal questions jurisdiction pursuant to the PREP Act. The complaint alleges causes of action for Negligence, Willful Misconduct, Elder Abuse, and Wrongful Death against all Defendants. The named defendants in the complaint are KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL; and SPRUCE HOLDINGS LLC, d/b/a REDWOOD SPRINGS HEALTHCARE CENTER.

Decedent Joseph Gagliolo was admitted to KAWEAH in 2016 for his need for continuous care. The complaint alleges when Mr. Gagliolo was admitted to the facility he was known to be a fall risk.

On or about October 11, 2019, decedent got out of bed to use the restroom when he fell and suffered a left hip fracture. He was transferred to Kaweah Delta Medical Center for surgery and discharged to Redwood Springs on October 16, 2019. Plaintiffs contend decedent contracted COVID-19 at the Redwood Springs facility on or about April 15, 2020. Decedent Joseph Gagliolo passed away on April 27, 2020.

Plaintiffs allege that the wrongful acts and omissions of KAWEAH amount to negligence, elder abuse, and wrongful death under California law.

## II. TERMS OF SETTLEMENT

Plaintiffs and Defendant KAWEAH entered into this settlement after considerable discussions regarding the allegations in the complaint and review of decedent's medical records. The settlement is the result of arms-length negotiations whereby KAWEAH agreed to pay to Plaintiff Gary Gagliolo, as the Successor-In-Interest to the Estate of Joseph Gagliolo the sum of $65,000 to settle the wrongful death claim brought against KAWEAH on behalf of Plaintiff. In exchange, Plaintiffs Gary Gagliolo, individually and as Successor-In-Interest to the Estate of Joseph Gagliolo, agreed to dismiss with prejudice in exchange for a waiver of costs all claims for Negligence, Willful Misconduct, Elder

Abuse.  In exchange, Plaintiffs agreed to dismiss with prejudice all of their claims, both known and unknown, against KAWEAH.  This settlement is entered into without any admission of liability or fault on the part of KAWEAH.

## II. COMPLIANCE WITH *TECH-BILT* FACTORS AND ASSERTION OF GOOD FAITH

Section 877.6 provides, in pertinent part:

> (a)(2) . . . [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. . . .
>
> (b)  The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c)  A determination by the courts that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence of comparative fault.

(Code Civ. Proc., §877.6.)

In *Stanbaugh v. Superior Court*, the Court held that, except in rare cases of collusion or bad faith, "a joint tortfeasor should be permitted to negotiate settlement of an adverse claim according to his own best interests, whether for his financial advantage, or for the purchase of peace and quiet, or otherwise." (*Stanbaugh v. Superior Court* (1976) 62 Cal.App.3d 231, 238.)  The *Stanbaugh* court went on to hold that "[the defendant's] good faith will not be determined by the proportion his settlement bears to the damages of the claimant.  For the damages are often speculative, and the probability of legal liability therefore is often uncertain or remote." (*Ibid.*)

The California Supreme Court decision in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* set forth the principles governing the determination that a settlement meets the criteria of good faith. (*Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.* (1985) 38 Cal.3d 488, 498–500.)  As the Court stated: "[A] number of factors [must] be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in the settlement

than he would if he were found liable after trial.  Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortuous conduct aimed to injure the interests of non- settling defendants." (*Id.* at p. 499.)

The *Tech-Bilt* court explained that there is no precise yardstick for measuring a "good faith" settlement with one of several tortfeasors, but a court must harmonize the public policy favoring settlements with the competing policy favoring equitable sharing of costs among tortfeasors. (*Id.* at pp. 498–499.)  The settlement must be within the "reasonable range" of the settling tortfeasor's share of liability for the plaintiff's injuries, taking into consideration the facts and circumstances of the particular case. (*Id.* at p. 499.)  "This is not to say that bad faith is established by showing that a settling defendant paid less than his theoretical proportionate or fair share. . . .  And even where the claimant's damages are obviously great, and the liability therefor certain, a disproportionately low settlement figure is often reasonable in the case of a relatively insolvent, and uninsured, or underinsured, joint tortfeasor." (*Ibid*. [citation and internal quotation marks omitted].)

In light of the circumstances surrounding Joseph Gagliolo's alleged injuries at Defendant KAWEAH's facility in 2019, the $65,000 settlement is a fair and reasonable consideration for the compromise, release, and waiver of the claims stated herein and represents a fair approximation of Defendant KAWEAH's role in Plaintiffs' alleged damages.  This is particularly true considering that KAWEAH's liability is limited to only the incident that took place five-months prior to decedent contracting COVID-19.

Defendant KAWEAH brings this application out of an abundance of caution as a global release was not executed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

KAWEAH respectfully requests that this Court approve the Application for Determination of Good Faith Settlement and issue an order pursuant to section 877.6 that this determination that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling Defendant KAWEAH for total equitable indemnity, equitable comparative contribution, partial indemnity or comparative indemnity arising out of the above-described litigation, whether existing now or existing in the future, against KAWEAH are forever barred.

Dated: May 7, 2021                    Lewis Brisbois Bisgaard & Smith LLP


By: /s/ Lann G. McIntyre
    Lann G. McIntyre
    Attorneys for Defendant, KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL

## DECLARATION OF LANN G. McINTYRE

I, Lann G. McIntyre, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL ("Defendant). The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. This declaration is prepared in support of Defendant's Application for Determination of Good Faith Settlement pursuant to *California Code of Civil Procedure* § 877.6.

3. As shown by Plaintiffs' Complaint, Plaintiff brought an action against multiple defendants, including Settling Moving Defendant KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL arising out of claims for Negligence, Willful Misconduct, Elder Abuse, and Wrongful Death as to all defendants. Plaintiffs alleges that Defendant failed to provide care and treatment while Joseph Gagliolo was a resident at Defendant's facility. Specifically, that Defendant failed to prevent Mr. Gagliolo's falls at the facility. No cross-complaints have been filed by any parties.

4. After several discussions a settlement agreement was reached between Plaintiffs, and this settling Defendant. The terms of the settlement agreement include but are not limited to: payment to Plaintiffs by Defendant in the amount of $65,000 in exchange for a dismissal of the entire action against Defendant; an Order by this Court deeming the settlement to have been made in good faith pursuant to Code of Civil Procedure § 877.6; that Plaintiffs be responsible for any and all liens and indemnify the moving Defendant for the same; waiver of Civil Code § 1542; warranty of capacity; and for each party to bear its own costs and fees.

5. Notwithstanding the substantial hurdles facing Plaintiffs, the moving Defendant desires a resolution recognizing that it would have had to incur substantial expenses related to protracted litigation had the case not been settled. Should the moving Defendant be forced to continue litigating this matter, it would only require significant added expenses, both for the Defendant and Plaintiffs as this Defendant would need to participate in continued written discovery, depositions, expert discovery

and trial preparation incurring enormous costs over and above what has already been expended. As such, a settlement of Plaintiffs' claims against this Defendant was negotiated.

6. This Defendant's settlement with Plaintiffs falls squarely within the ballpark range of its estimated proportionate fault for Plaintiff's damages. The settlement entered into between Plaintiffs and this Defendant is a fair settlement, accurately taking into account the disputed liability and the nature and extent of Plaintiff's alleged injuries, Plaintiff's alleged damages, the litigation expenses that will necessarily be incurred in the future if this case were to proceed to trial as well as the recognition that a Defendant should pay less in settlement than if it were found liable at trial, and the uncertainty of trial. Accordingly, the settlement amount is more than proportionate to and within the "ball park range" of Defendant's potential share of liability.

7. There is no collusion, fraud or other tortious conduct involved in the settlement aimed to injure the non-settling parties. The Settlement Agreement contains all of the terms of the settlement between Plaintiffs and this Defendant. There are no side agreements or terms of this settlement not expressly included in the four corners of the Settlement Agreements. The settlement is the product of back and forth settlement negotiations between counsel who participated in genuine, good faith and arms-length negotiations, and involved significant compromises from Plaintiffs' and Defendant's initial settlement positions. The settling parties and their counsel are not aware of any harm which the settlement could cause to the non-settling Codefendants. Counsel for all Co-Defendants have been informed of the relevant terms of the settlement between Plaintiffs and this Defendant.

8. The settlement between Plaintiffs and this Defendant are consistent with *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, (1985) 38 Cal.3d 488 and *Code of Civil Procedure* § 877.6 and as such is made in good faith of a disputed claim against this Defendant who specifically denies liability for Plaintiffs' alleged damages. As such any and all future cross-actions against this Defendant from any source should be barred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 7, 2021          /s/ Lann G. McIntyre
                            Lann G. McIntyre

4826-5934-6142.2                               8
DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

**FEDERAL COURT PROOF OF SERVICE**
Gagliolo v. Kaweah Manor, Inc., et al.
USDC Eastern District - Case No. 1:20-cv-01719-NONE-SAB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 7, 2021, I served the following document(s): **DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT C.C.P. SECTION 877.6(a)(2); DECLARATION OF LANN G. McINTYRE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dawn M. Smith, Esq.<br>Eric D. Hitchcock, Esq.<br>SMITH CLINESMITH, LLP<br>325 N. St. Paul St., 29th Floor<br>Dallas, TX 75201<br>Tel No.: (214) 953-1900<br>Fax No.: (214) 953-1901<br>Email: dawn@smithclinesmith.com<br>eric@smithclinesmith.com<br>service@smithcinesmith.com<br><br>***Attorneys for Plaintiffs GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO*** | William C. Wilson, Esq.<br>Kim S. Cruz, Esq.<br>Ryan G. Canavan, Esq.<br>WILSON GETTY LLP<br>12555 High Bluff Drive, Suite 270<br>San Diego, CA 92130<br>Tel: (858) 847-3237<br>Fax: (858) 847-3365<br>Emails:<br>rcanavan@wilsongetty.com;<br>tjamois@wilsongetty.com;<br>KCruz@wilsongetty.com;<br>fvillalpando@wilsongetty.com<br><br>***Attorneys for Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER*** |

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 7, 2021, at Los Angeles, California.

          */s/ Yissel Lopez*
          Yissel Lopez