# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO, individually and as successor-in-interest to the estate of Joseph Gagliolo,<br><br>Plaintiffs,<br><br>v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>ORDER REQUIRING DEFENDANT KAWEAH TO PROVIDE SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT AND PARTIES' STIPULATION RE GOOD FAITH SETTLEMENT<br><br>(ECF Nos. 34, 35)<br><br>**DEADLINE: JUNE 2, 2021** |

On September 11, 2020, Gary Gagliolo, individually and as successor-in-interest to the estate of Joseph Gagliolo ("Plaintiffs"), commenced this action in the Superior Court of California, County of Tulare, against Defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital (hereinafter "Kaweah"), and Defendant Spruce Holdings, LLC, dba Redwood Springs Healthcare Center (hereinafter "Spruce"). (ECF No. 3-1 at 2.) The action was removed to the Eastern District of California on December 7, 2020. (ECF Nos. 1, 2, 3.) Defendant Kaweah joined in the notice of removal. (ECF No. 4.) On January 22, 2021, Plaintiffs filed a motion to remand that is currently pending a decision from District Judge Dale A. Drozd. (ECF Nos. 14, 15.)

On May 7, 2021, Defendant Kaweah filed a motion for determination of good faith settlement under California Code of Civil Procedure §§ 877 and 877.6. (ECF No. 34.) The

1

matter was preemptively referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). (ECF No. 32.) On May 17, 2021, a stipulation was filed that was joined by all parties in this action, agreeing that the settlement reached between Plaintiffs and Kaweah is in good faith in accordance with California Code of Civil Procedure §§ 877 and 877.6. (ECF No. 35.)

Given issues regarding the Court's jurisdiction over this matter are currently pending a decision by the District Judge, it may not be appropriate to make a determination that the settlement of the pending claims between Defendant Kaweah and Plaintiffs is in good faith, pursuant to California law. See In re Nucorp Energy Sec. Litig., 661 F. Supp. 1403, 1414 (S.D. Cal. 1987) (in adjudicating good faith motion, finding "California law governs all claims for contribution or indemnification which may arise in the immediate case as a result of plaintiffs' pendent state law causes of action."); City of W. Sacramento, California v. R & L Bus. Mgmt., No. 218CV00900WBSEFB, 2019 WL 5390558, at *1 (E.D. Cal. Oct. 22, 2019) ("The settling parties have settled claims brought under both state and federal law . . . the court will apply California settlement law to the state law claims at issue between the settling parties."). The notice of removal, joined by Defendant Kaweah, argues the state law claims are in reality, federal claims due to complete preemption, and thus it would appear improper to make any determination to any of the four claims that may ultimately be determined to be federal in nature. (ECF Nos. 2, 3, 4.) Further, if Plaintiffs' motion to remand is granted, this Court would have been without supplemental jurisdiction over any of the state law claims. Although all parties have now joined in a stipulation that the settlement is in fact in good faith under California law, it appears these issues would remain.

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that on or before June 2, 2021, Defendant Kaweah shall provide supplemental briefing regarding the propriety of the Court making a good faith determination under California law regarding claims that are now subject to a pending motion to remand to state court.[1]

IT IS SO ORDERED.

Dated: __**May 19, 2021**__

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may consider issuing a findings and recommendation to the District Judge that would be conditional or dependent on the potential forthcoming rulings on the motion to remand. Defendant Kaweah should consider the impact such ruling would have on the Court's jurisdiction to make a determination under California law if some of the claims are adjudicated to be federal, or all claims are remanded to state court.