William C. Wilson, SBN: 149683
Kim S. Cruz, SBN: 177406
Ryan G. Canavan, SBN: 313990
Evan J. Topol, SBN: 274932
WILSON GETTY LLP
12555 High Bluff Drive, Suite 270
San Diego, California 92130
Telephone: 858.847.3237
Facsimile:  858.847.3365
Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO, <br><br> Plaintiffs, <br><br> vs. <br><br> KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL; SPRUCE HOLDINGS LLC, d/b/a REDWOOD SPRINGS HEALTHCARE CENTER; AND DOES 1-50, <br><br> Defendants. | Case No. 1:20-cv-01719-NONE-SAB <br><br> [Removal from Superior Court of California, County of Tulare Case No. VCU284261] <br><br> **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br> Action Filed: September 11, 2020 <br><br> **Hearing Date: February 23, 2021** |

COMES NOW, Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER, by and through their undersigned counsel, hereby submit this Notice of Supplemental Authority in opposition to Plaintiff's Motion to Remand.

**I.   AUTHORITY FOR NOTICE OF SUPPLEMENTAL AUTHORITY**

"[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period." *Sisk v. Abbott Laboratories*, 2012 WL 1164559 *1 (W.D, N.C. April 9, 2012).  "[F]iling notices of supplemental authorities that come to a party's attention after briefing is complete is a well-stablished practice. . . [and] such practice is helpful to the Court, which of course always endeavors to apply current authority

in resolving the issues before it." *Hornor, Townsend & Kent, Inc. v. Hamilton*, 2004 WL 2284503 *11 (ND GA September 30, 2004).

## II. INTRODUCTION

This Notice of Supplemental Authority is intended to address a recent authority affecting Plaintiff's Motion to Remand: *Rachal v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-334 (W.D.L.A. Apr. 30, 2021) (**Exhibit A**). There, the court issued a Memorandum Ruling denying a motion to dismiss under the Public Readiness and Emergency Preparedness Act (PREP Act) 42 U.S.C. §§ 247d-6d; 247d-6e. Notably, Judge Joseph of the Western District of Louisiana held that the PREP Act conferred federal subject matter jurisdiction under the "complete preemption" doctrine. The relevant portions of the opinion are discussed below.

## III. DISCUSSION

### A. PROCEDURAL POSTURE OF *RACHAL*

The *Rachal* matter involved a personal injury action asserting negligent infection control in a skilled nursing facility leading to the death of a resident from COVID-19. Defendants brought a motion to dismiss, asserting that the PREP Act barred the claim.

The *Rachal* matter was one of eight lawsuits filed against the same skilled nursing facility relating to residents' contraction of COVID-19.[1] Each lawsuit was originally filed in state court between May and June 2020. However, the defendants did not remove these cases to federal court until after the U.S. Department of Health and Human Services (HHS) issued its Advisory Opinion 21-01 (Jan. 8, 2021).[2] In response, plaintiffs in the seven other lawsuits objected to the removals as untimely, and moved to remand. The Court was fully briefed on the impact of Advisory Opinion 21-01 and the issue of "complete preemption" in response to those motions to remand, but ultimately remanded each of

---

[1] The other seven lawsuits were as follows: (1) *Hayes v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00330 (W.D.La); (2) *Beaudion v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00329 (W.D.La); (3) *Gay v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00331 (W.D.La); (4) *Hamilton v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00333 (W.D.La); (5) *McClanahan v. Natchitoches Nursing & Rheab. Ctr.*, No. 1:21-cv-00332 (W.D.La); (6) *Mills v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00336 (W.D.La); and (7) *Ratliff v. Natchitoches Nursing & Rehab. Ctr.*, No. 1:21-cv-00335 (W.D.La).

[2] This Advisory Opinion stated that the PREP Act triggers "complete preemption" and presents a "substantial federal question" within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). It has been briefed extensively in prior submissions to this Court.

those seven actions after holding that the Advisory Opinion was not an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3), and merely clarified the law as opposed to expanding its scope.

However, the plaintiff in *Rachal* did not move for remand, and therefore waived the right to object on the grounds of untimeliness. *Rachal*, at N. 3. Thus, when the defendants sought to move for dismissal, the court was required to make a threshold determination of subject matter jurisdiction before turning to the underlying merits of the motion. *Id.*

**B.     THE PREP ACT TRIGGERS COMPLETE PREEMPTION**

The *Rachal* court addressed the question of whether it had subject matter jurisdiction over the removed actions in a lengthy footnote. *Rachal*, at N. 3. The Court began by observing that "District courts across the country have … arrived at varying conclusions" as to whether the PREP Act triggered "complete preemption." *Id. citing Dupervil v. Alliance Health Operations, LCC*, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021); *Garcia v. Welltower OpCo Group LLC*, 2021 WL 492581 (C.D.Cal. Feb. 10, 2021). The court then conducted its own analysis of the issue under Fifth Circuit precedent and concluded that the PREP Act satisfied all criteria for complete preemption because it (1) contained a civil enforcement provision that replaces and protects an analogous area of state law; (2) contained a specific jurisdictional grant to the federal courts to enforce the same; and (3) contained a clear congressional intent that such jurisdiction would be exclusive. *Id. citing PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 544 (5th Cir. 2005).

Further, the *Rachal* court disagreed with the holding of *Dupervil*. In *Dupervil*, the court distinguished the PREP Act from the Air Transportation Safety and System Stabilization Act (ATSSSA) and analogized it to the Railway Labor Act (RLA) under the theory that the PREP Act required administrative exhaustion as a prerequisite to suit and did not provide an identical cause of action to replace claims of negligence that it preempted. *Dupervil* at ** 15-18.  By contrast, the *Rachal* court found the PREP Act particularly analogous to the ATSSSA because both statutes (1) create an administrative no-fault compensation fund[3]; (2) provide broad immunity from suit for certain

---

[3] Notably, these no-fault compensation programs are unlike the arbitration panels under the RLA, which are intended for dispute resolution and thus require both parties to participate. Under the PREP Act, only the claimant is involved in a claim for no-fault benefits, and the sole cause of action that can be maintained *between* the parties is a federal cause of action

-3-

entities/individuals; (3) create an exclusive federal cause of action for certain residual claims; and (4) confers exclusive jurisdiction over such causes of action unto a specified federal venue. *Rachal*, at N. 3, *citing In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005).

Thus, the *Rachal* court concluded that:

> Congress[] inten[ded] that the PREP Act exclusively encompass "claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." [42 U.S.C.] § 247d-6d(a)(1). Accordingly, to the extent Plaintiff's alleged loss was caused by a "covered person" and arose out of, related to, or resulted from the administration to or the use by an individual of a "covered countermeasure," this Court has federal question jurisdiction to apply the provisions of the PREP Act.

Accordingly, Defendants submit that this Court should follow the reasoning of *Rachal* and conclude that the PREP Act confers subject matter jurisdiction over this claim under the doctrine of complete preemption.

### C. DISTRIBUTION OF PPE WITHIN A FACILITY IS "ADMINISTRATION" OF A COVERED COUNTERMEASURE UNDER THE PREP ACT, AND ONLY COMPLETE INACTION WILL BRING A CLAIM OUTSIDE OF THE SCOPE OF THE PREP ACT

The *Rachal* court further concluded that the distribution of PPE within a nursing home constituted administration of a covered countermeasure under the PREP Act. It reasoned that HHS, in Advisory Opinion 21-01, "took a broad view of the applicability of the PREP Act as it relates to claims against nursing homes and other healthcare providers for failing to provide sufficient personal protective equipment ("PPE") or adequate training on the use of PPE [and] rejected the position adopted by some courts that if a covered countermeasure were not used, then there is no PREP Act immunity." *Rachal* at * 11.

---

for willful misconduct under 42 U.S.C. § 247d-6d(d). Thus, the holding of *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005), which the *Dupervil* court relied on extensively for the proposition that the creation of an administrative remedy precludes a finding of complete preemption, is distinguishable and should not be relied upon here.

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

The *Rachal* court further concluded that, consistent with the OGC's Opinion, only the complete "failure to make any decisions whatsoever" would bring a claim of non-administration outside of the scope of complete preemption under the PREP Act. *Id.*

### D. ADVISORY OPINION 21-01 IS REASONABLE AND WARRANTS DEFERENCE

The *Rachal* court acknowledged that deference should be afforded to Advisory Opinion 21-01. *Rachal* at * 11. It reasoned that (1) the PREP Act gave broad authority to HHS; (2) HHS had incorporated its own advisory opinions into the PREP Act Declarations; (3) the PREP Act presented a complex statutory framework; (4) the PREP Act applied to technical subject matter; and (5) there was a need for uniformity in the interpretation of the PREP Act across the united states. *Id.*, *citing Chevron, Inc. v. NDRC, Inc.*, 467 U.S. 837, 843 (1984); *United States v. Mead Corp.*, 533 U.S. 218, 220 (2001). The court further reasoned that even if *Chevron* deference were not applicable, HHS's interpretation of the PREP Act as expressed in its advisory opinions and various declarations was "reasonable." *Id.*, *citing Kornman & Associates, Inc. v. United States*, 527 F.3d 443, 455 (5th Cir. 2008).

### E. LIMITED DISCOVERY IS APPROPRIATE TO DETERMINE WHETHER THE PREP ACT APPLIES

The *Rachal* court ultimately denied the motion to dismiss after finding that the plaintiff's complaint was unclear as to whether the claim was one "arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure" within the meaning of the PREP Act. Nevertheless, in doing so, it proceeded to order limited discovery so that a prompt determination as to the applicability of the PREP Act could be made.

Specifically, the *Rachal* court entered the following order after uploading the Memorandum Ruling denying the motion to dismiss:

> ORDERED that the parties are to engage in a 90-day discovery period, during which the parties are directed to conduct discovery as to the nature of Plaintiffs claims, including Defendants specific acts of alleged mis-conduct and whether such acts are covered countermeasures under the PREP Act. At the end of this discovery period, the parties are to submit briefing on the scope of the PREP Act as applied to the facts underlying Plaintiffs claim

Here, if this Court determines that issues of fact exist as to whether the PREP Act applies to plaintiff's claim, that it order a hearing and/or limited discovery in such issues. This would further the core purpose of the PREP Act by preventing plaintiffs from hiding behind the vagueness in a complaint and thereby disguising the true nature of the claims at bar. The PREP Act provides broad immunity "from suit" against any claim that "relates to" the "administration" or "use" of a covered countermeasure. The mere fact that a Plaintiff's complaint does not include these statutory phrases from the outset should not render the PREP Act a nullity.

## IV. CONCLUSION

Defendants submit that the *Rachal* opinion correctly applied the doctrine of "complete preemption" and also afforded an appropriate degree of deference to HHS's broad interpretation of the preemptive impact of the PREP Act and the immunity it confers. The *Dupervil* court and its progeny should not be followed as those courts erroneously analogize the PREP Act to the RLA as opposed to the ATSSSA, with which it shares many key characteristics. The PREP Act triggers "complete preemption" because it broadly preempts all claims "relating to" the administration of covered countermeasures while simultaneously providing that the exclusive remedy *between the parties* shall be a new federal cause of action for "willful misconduct" brought in the District Court for the District of Columbia.

Dated: June 2, 2021                              WILSON GETTY LLP

                                                 By: /s/ Evan J. Topol
                                                       William C. Wilson
                                                       Kim S. Cruz
                                                       Ryan G. Canavan
                                                       Evan J. Topol

                                                 Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER

*<u>Gary Gagliolo, individually and as SII to the Estate of Joseph Gagliolo v. Kaweah Manor, Inc. dba Kaweah Manor Convalescent Hospital, et al.</u>*
**United States District Court**
**Eastern District of California**
**Case No. 1:20-CV-01719-NONE-SAB**
\*\*\*
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **June 2, 2021**, I served the foregoing documents, described in this action as:

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

As follows:

| Dawn M. Smith, Esq.<br>Eric D. Hitchcock, Esq.<br>Smith Clinesmith, LLP<br>325 N. St. Paul St., 29th Floor<br>Dallas, TX 75201<br>T: 214.953.1900<br>F: 214.953.1901<br>Email: dawn@smithclinesmith.com<br>Email: Eric@smithclinesmith.com<br>Email: Paul@smithclinesmith.com<br>*Counsel for Plaintiff* | Kathleen M. Walker, Esq.<br>Lynnette Christopoulos, Esq.<br>Lann G. McIntyre, Esq.<br>Rita Kanno, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>Email: Kathleen.walker@lewisbrisbois.com<br>Email: Lynette.christopoulous@lewisbrisbois.com<br>Email: Rita.kanno@lewisbrisbois.com<br>Yissel.lopez@lewisbrisbois.com<br>Karla.chicas@lewisbrisbois.com<br><br>*Counsel for Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital* |
|---|---|

**[X]   By CM/ECF ELECTRONIC DELIVERY:**    In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 2, 2021** at San Diego, California.

*F. Villalpando*
_____
Felicia Villalpando

**PROOF OF SERVICE**