**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANN G. McINTYRE, SB# 106067
　E-Mail: Lann.McIntyre@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant, KAWEAH MANOR, INC.,
dba KAWEAH MANOR CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>KAWEAH MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL; SPRUCE HOLDINGS LLC, d/b/a REDWOOD SPRINGS HEALTHCARE CENTER; AND DOES 1-50,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>[Removal from Superior Court of California, County of Tulare Case No. ] VCU284261<br><br>**DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S SUPPLEMENTAL BRIEF IN SUPPORT OF DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT C.C.P. SECTION 877.6(a)(2)**<br><br>**June 2, 2021** |

　　　Defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital ("Kaweah"), respectfully submits pursuant to the Court's order (Dkt. #36) its Supplemental Brief in support of Kaweah's Motion and Stipulation regarding Determination of Good Faith Settlement.

/ / /

/ / /

/ / /

/ / /

4821-9775-9468.1　　　　　　　　　　　　　1
DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S NOTICE OF
MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiffs filed their complaint in state on September 11, 2020 in the Tulare County Superior Court, for injuries to and the death of Joseph Gagliolo, allegedly caused by the wrongful acts and omissions of Defendants. The matter was removed to the United States District Court for the Eastern District of California based on federal questions jurisdiction pursuant to the PREP Act. The complaint alleges state law causes of action for Negligence, Willful Misconduct, Elder Abuse, and Wrongful Death against all Defendants, which include an embedded federal question.

Defendant Spruce Holdings removed this case to Federal Court on December 7, 2020, and Defendant Kaweah joined in the removal on December 7, 2020. Once the matter was removed to United States District Court for the Eastern District of California this Court retained jurisdiction over the matter. While the Court notes that a Motion to Remand is pending, there has been no ruling on the motion to date and as of June 2, 2021, Defendant Spruce Holding filed a Supplemental Brief providing additional authority to support removal of this matter to Federal Court. Therefore, this Court does retain jurisdiction over the matter and over the pending Stipulation for Determination of Good Faith Settlement.

As set forth below, Defendant Kaweah respectfully requests this Court grant the Order for determination of good faith settlement pursuant California Code of Civil Procedure ("C.C.P.") Section 877.6(a)(2)

### II.    The COURT HAS SUPPLEMENTAL JURISDICTION OVER THE CLAIMS SUBJECT TO THE SETTLEMENT

As thoroughly discussed in Defendant Kaweah's moving papers, the claims and allegations asserted against Kaweah and subject to the terms of the Settlement arise from state law claims. district courts have supplemental jurisdiction over related claims. 28 U.S.C. § 1367(a) (providing in pertinent part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

The federal district court may exercise supplemental jurisdiction to hear claims that form "part of the same case or controversy" as the claims on which original federal jurisdiction is based. See 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Judicial economy and fairness result from the federal court retaining jurisdiction over mixed state and federal claims where the state and federal claims derive from a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

### III. THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE SETTLEMENT PURSUANT TO CALIFORNIA STATE LAW

In a federal question action, federal courts typically apply substantive state law to state claims. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 85-89 (1994). Here, the causes of action alleged against Kaweah are state law claims, with embedded federal question, making California law the appropriate law to apply regarding this settlement.

Federal courts generally encourage settlements before trial. *Franklin v. Kaypro Corp*., 884 F.2d 1222, 1225 (9th Cir. 1989). Because of the strong policy favoring settlements, federal courts have the authority to approve settlements and issue contribution bars for both federal and state law claims. *See AmeriPride Services Inc. v. Valley Indus. Services, Inc*. 2007 WL 1946635 at *2 (E.D.Cal.July 2, 2007).

Because the specific claims pled against Kaweah arise under state law, this court has the authority to apply not only the substantive provisions of California law pursuant to California C.C.P. § 877, but also the procedural guidelines set forth by C.C.P. § 877.6. While federal courts recognize that C.C.P. § 877.6 is "essentially a procedural statute", "nothing is to prevent the district court from granting a motion for an early determination of the good faith question." *Federal Sav. and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 510. The court further stated that "it makes eminent good sense to do so." *Id*.

### IV. THE COURT SHOULD APPROVE THE SETTLEMENT

While Kaweah has met the *Tech-Bilt* factors for good faith determination, the Court need

not weigh these factors in making a determination when a good faith settlement determination is unopposed. *Huang v. Duracell Co.*, No. 17-cv-02731-PJH, 2018 U.S. Dist. LEXIS 151350 (N.D. Cal. Sep. 5, 2018);  *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, Case No. 12-cv-3907-WHA, 2014 U.S. Dist. LEXIS 25555, 2014 WL 807415, at *2 (N.D. Cal. Feb. 27, 2014); *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261, (1987) ("only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the Tech-Bilt factors. . . . [W]hen no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient."); *see also Wendell v. Johnson & Johnson*, Case No. 09-cv-4124-CW, 2014 U.S. Dist. LEXIS 79843, 2014 WL 12644224, at *2 (N.D. Cal. June 10, 2014); *Hernandez v. Sutter Med. Ctr. of Santa Rosa*, Case No. 06-cv-03350-SBA, 2009 U.S. Dist. LEXIS 14371, 2009 WL 322937, at *3 (N.D. Cal. Feb. 9, 2009).

Since all parties to this action stipulated to good faith determination, Defendant Kaweah respectfully requests this Court Order the grounds set forth in Defendant Kaweah's Motion for Determination of Good Faith and Stipulation sufficient.

## IV. CONCLUSION

Kaweah respectfully requests that this Court approve the Application for Determination of Good Faith Settlement and issue an order pursuant to section 877.6 that this determination that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling Defendant Kaweah for total equitable indemnity, equitable comparative contribution, partial indemnity or comparative indemnity arising out of the above-described litigation, whether existing now or existing in the future, against Kaweah are forever barred.

Dated:  June 2, 2021    Lewis Brisbois Bisgaard & Smith LLP

By: */s/ Lann G. McIntyre*
 Lann G. McIntyre
 Attorneys for Defendant, KAWEAH  MANOR INC., d/b/a KAWEAH MANOR CONVALESCENT HOSPITAL



**FEDERAL COURT PROOF OF SERVICE**
Gagliolo v. Kaweah Manor, Inc., et al.
USDC Eastern District - Case No. 1:20-cv-01719-NONE-SAB

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 2, 2021, I served the following document(s): **DEFENDANT KAWEAH MANOR, INC., dba KAWEAH MANOR CONVALESCENT HOSPITAL'S SUPPLEMENTAL BRIEF IN SUPPORT OF DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT C.C.P. SECTION 877.6(a)(2)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dawn M. Smith, Esq.<br>Eric D. Hitchcock, Esq.<br>SMITH CLINESMITH, LLP<br>325 N. St. Paul St., 29th Floor<br>Dallas, TX 75201<br>Tel No.: (214) 953-1900<br>Fax No.: (214) 953-1901<br>Email: dawn@smithclinesmith.com<br>eric@smithclinesmith.com<br>service@smithcinesmith.com<br><br>*Attorneys for Plaintiffs GARY GAGLIOLO, individually and as Successor-In-Interest to the ESTATE OF JOSEPH GAGLIOLO* | William C. Wilson, Esq.<br>Kim S. Cruz, Esq.<br>Ryan G. Canavan, Esq.<br>WILSON GETTY LLP<br>12555 High Bluff Drive, Suite 270<br>San Diego, CA 92130<br>Tel: (858) 847-3237<br>Fax: (858) 847-3365<br>Emails:<br>rcanavan@wilsongetty.com;<br>tjamois@wilsongetty.com;<br>KCruz@wilsongetty.com;<br>fvillalpando@wilsongetty.com<br><br>*Attorneys for Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER* |

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2021, at Los Angeles, California.

*/s/ Janis Kent*
Janis Kent