# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO, individually and as successor-in-interest to the estate of Joseph Gagliolo,<br><br>Plaintiffs,<br><br>v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-01719-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING HOLDING MOTION FOR GOOD FAITH SETTLEMENT IN ABEYANCE OR DENYING WITHOUT PREJUDICE UNTIL A DECISION ON MOTION TO REMAND IS ISSUED<br><br>ORDER VACATING JUNE 9, 2021 HEARING<br><br>(ECF Nos. 34, 35, 38)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Currently pending before the Court is a motion for determination of good faith settlement under California Code of Civil Procedure §§ 877 and 877.6, filed by Defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital (hereinafter "Kaweah"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). The Court, having reviewed the motion, the joint stipulation filed by all parties in the action, and the supplemental brief, finds the matter suitable for decision without further briefing or oral argument. See Local Rule 230(g).[1] Accordingly, the hearing set for June 9, 2021 shall be

---

[1] The day before the hearing set on this motion and while the Court was preparing to issue this findings and

1

vacated. For the reasons explained herein, the Court recommends holding a decision on Defendant Kaweah's unopposed motion for good faith settlement in abeyance, or denying the motion without prejudice to renewal, until a decision on the pending motion to remand is issued. The Court also provides the California legal standards and analysis of the proposed settlement if the District Judge finds no jurisdictional issues and wishes to enter a ruling prior to the decision on the motion to remand, or following the decision on the motion to remand. However, if the District Judge agrees jurisdictional issues preclude properly making a determination until after the motion to remand is adjudicated, the undersigned would then recommend supplemental briefing from Kaweah if the motion was held in abeyance, or require Kaweah to address jurisdiction in the renewed motion if the motion was denied without prejudice, on the issue of whether California settlement law is applicable to each claim sought to have the determination of good faith apply to at that time.

**II.**

**BACKGROUND**

On September 11, 2020, Gary Gagliolo, individually and as successor-in-interest to the estate of Joseph Gagliolo ("Plaintiffs"), commenced this action in the Superior Court of California, County of Tulare, against Defendant Kaweah, and Defendant Spruce Holdings, LLC, dba Redwood Springs Healthcare Center (hereinafter "Spruce"). (ECF No. 3-1 at 2.) The action was removed to the Eastern District of California on December 7, 2020. (ECF Nos. 1, 2, 3, 4.) Plaintiffs allege that due to the wrongful acts and omissions of Defendants, Joseph Gagliolo became infected with COVID-19 during his residency at Redwood Springs Healthcare Center, and died due to the virus on April 27, 2020. (ECF No. 3-1 at 6-7.) The complaint brings causes

---

recommendations and order vacating the hearing, Kaweah filed a notice of withdrawal of the motion, stating that because the parties have stipulated to the good faith settlement, the motion is no longer necessary. (ECF No. 39.) However, the Court had considered the stipulation prior to the issuance of the request for supplemental briefing. Because entering the stipulation by the Court would still essentially require the Court to be making a good faith determination under California law, the Court does not agree with Kaweah's notice of withdrawal's proffer that the stipulation no longer makes a motion necessary. The stipulation is in practical effect moving the Court to enter a good faith determination. Even if the Court were to only make a determination pursuant to the stipulation, there would still appear to be the jurisdictional issues present that are discussed in this findings and recommendations. Accordingly, the Court is moving forward with issuing this findings and recommendations and the District Judge may consider the findings discussed herein as well as the stipulation filed by the parties.

2

of action for: (1) negligence; (2) willful misconduct; (3) violations of the Elder and Dependent Adult Civil Protection Act; and (4) wrongful death. (ECF No. 3-1 at 2.)

On March 31, 2021, Kaweah filed a request to seal the motion for good faith settlement. (ECF No. 30.) On April 7, 2021, the district judge assigned to this action referred the request to seal and the to-be-filed motion for good faith settlement to the undersigned for appropriate action. (ECF No. 32.) On April 20, 2021, the Court denied Kaweah's request to seal without prejudice and ordered Kaweah to either file a renewed request to seal or file the motion for good faith settlement on the public docket. (ECF No. 33.) On May 7, 2021, Kaweah filed the motion for determination of good faith settlement that is the subject of this findings and recommendations on the public docket. (ECF No. 34.) On May 17, 2021, a stipulation was filed that was joined by all parties in this action, agreeing that the settlement reached between Plaintiffs and Kaweah is in good faith in accordance with California Code of Civil Procedure §§ 877 and 877.6. (ECF No. 35.) On May 19, 2021, the Court ordered Kaweah to provide supplemental briefing on the issue of the propriety of ruling on the motion for good faith settlement with a motion to remand currently pending before the District Judge. (ECF No. 36.) On June 2, 2021, Kaweah filed supplemental briefing in response to the Court's order. (ECF No. 38.) On June 8, 2021, Kaweah filed a notice of withdrawal of this motion, that for the reasons discussed in footnote 1 above, is disregarded. (ECF No. 39.)

## III.

## LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(b). California Code of Civil Procedure Section 877.6 allows for an application to be made to the court for a determination of good faith settlement, and provides that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable

3

comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code §§ 877.6(a)(2), 877.6(c).

"When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, it may make a determination of good faith settlement under sections 877 and 877.6." Rodriguez v. Los Angeles Cty. Sheriff's Dep't, No. SACV13681AGPLAX, 2014 WL 12709431, at *2 (C.D. Cal. June 16, 2014); see also Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims . . . [t]his court has held that California Code of Civil Procedure section 877 constitutes substantive law . . . [t]he district court correctly applied California law to resolve ITG's motion to dismiss pursuant to good faith settlement.") (citations omitted).

A settlement is generally made in good faith if the settlement amount is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." Tech–Bilt Inc. v. Woodward–Clyde & Assoc., 38 Cal.3d 488, 499 (1985). However, bad faith does not necessarily flow from a showing that "a settling defendant paid less than his theoretical proportionate or fair share. Id. (citation omitted). Further, only focusing on the settlement amount would tend to convert the settlement approval process into a minitrial. Id. Therefore, in making a good faith settlement determination, courts consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id. (citation omitted). Any party opposing an application for good-faith settlement bears the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." Id. at 499–500; Cal. Civ. Proc. Code § 877.6(d) ("The party asserting the lack of good faith shall have the burden of proof on that issue.").

When no party objects to the proposed settlement, the court may bypass the Tech–Bilt factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." City of Grand Terrace v. Superior Ct., 192 Cal. App. 3d 1251, 1261 (Ct. App. 1987); Bonds v. Nicoletti Oil Inc., No. CV-F071600 OWWDLB, 2008 WL 4104272, at *5 (E.D. Cal. Sept. 3, 2008) ("Because no opposition to the motion has been filed, pursuant to City of Grand Terrace v. Superior Court, supra, the Tech-Bilt factors are not considered or weighed."). Some courts still perform a cursory review of the factors while noting it is not obligatory where the motion is unopposed. See Lieberman v. Otis Elevator Co., No. 17-CV-04468-BLF, 2018 WL 10689527, at *2 (N.D. Cal. Jan. 11, 2018) (stating not incumbent to consider, but performing review in light of Tech-Bilt factors out of abundance of caution); Gallo Glass Co. v. Special Shapes Refractory Co., Inc., No. 116CV01446LJOBAM, 2019 WL 1090777, at *3 (E.D. Cal. Jan. 29, 2019) (despite the only other defendant in action stipulating that the settlement was in good faith and agreeing to not contest the good faith basis, the court continued to weigh the Tech-Bilt factors in "an abundance of caution."), report and recommendation adopted, No. 116CV01446LJOBAM, 2019 WL 1095138 (E.D. Cal. Feb. 15, 2019).

## IV.

## DISCUSSION

Defendant Kaweah moves the Court for an order finding the settlement reached between Plaintiffs and Kaweah was entered into in good faith pursuant to California Code of Civil Procedures Sections 877 and 877.6. (Def. Kaweah's Mot. Good Faith Settlement ("Mot") 1-2, ECF No. 34.)

### A. The Court Recommends Denying without Prejudice or Holding in Abeyance Kaweah's Motion for Good Faith Settlement Until a Ruling on the Pending Motion to Remand is Issued

On January 22, 2021, Plaintiffs filed a motion to remand that is currently pending a decision from the District Judge in this action. (ECF Nos. 14, 15.) Upon review of the motion for good faith settlement, the undersigned found potential issues regarding whether the Court

could properly make a good faith determination under California law to the claims involved in this action when there is a motion to remand currently pending. Specifically, the undersigned found the motion to remand may impact whether the Court has subject matter jurisdiction over the matter entirely, and may additionally impact which claims are deemed federal in nature, and which claims are deemed state law claims that the Court may exercise supplemental jurisdiction over. See City of W. Sacramento, California v. R & L Bus. Mgmt., No. 218CV00900WBSEFB, 2019 WL 5390558, at *1 (E.D. Cal. Oct. 22, 2019) ("The settling parties have settled claims brought under both state and federal law . . . the court will apply California settlement law to the state law claims at issue between the settling parties."). In advance of the hearing, on May 19, 2021, the Court ordered Kaweah to provide supplemental briefing on these issues. (ECF No. 36.) The Court's order noted Kaweah had joined in the notice of removal which argued Plaintiffs' state law claims are in reality federal claims due to complete preemption, and further noted that if Plaintiffs' motion to remand is granted, this Court would have been without supplemental jurisdiction over any of the state law claims. (ECF No. 36.)

On June 2, 2021, Kaweah filed a supplemental brief. (ECF No. 38.) Kaweah proffers Plaintiff's claims of negligence, willful misconduct, elder abuse, and wrongful death, made against all Defendants, are state law claims that "include an embedded federal question." (ECF No. 38 at 2.) Kaweah contends that once this matter was removed, this Court retained jurisdiction over the matter, and because there has been no ruling on the motion to remand, this Court *does* retain jurisdiction over the matter and over the pending motion and stipulation for determination of good faith settlement. (Id.) Kaweah emphasizes the claims that are subject to the terms of the settlement arise from state law and federal district courts have supplemental jurisdiction over related claims under 28 U.S.C. § 1367(a). (Id.) Given where there is a federal question action federal courts typically apply substantive law to state claims, Kaweah argues because the causes of action alleged against Kaweah are state law claims with an embedded federal question, California law is the appropriate law to apply regarding the settlement. (Id. at 3.) Kaweah provides the Court with authority from this district affirming that federal courts have the authority to approve settlements and issue contribution bars for both federal and state law

claims.² Finally, Kaweah argue that because the specific claims pled against Kaweah arise under state law, the Court has the authority to not only apply the substantive provision of California C.C.P. § 877, but also the procedural guidelines set forth in C.C.P. § 877.6, Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990).

The Court does not disagree with Kaweah's contentions in supplemental briefing that: where it has original jurisdiction, it would have supplemental jurisdiction over related state law claims; that federal courts have the authority to approve settlements and issue contribution bars for both federal and state law claims; and that where claims arise under California state law, the Court may apply the substantive provision of California C.C.P. § 877, but also the procedural guidelines set forth in C.C.P. § 877.6. However, the supplemental brief does not provide sufficient clear authority nor convince the Court of the properness of making a good faith determination on all claims in this action when the Court considers the notice of removal, and the pending motion to remand.

The Supreme Court has repeatedly emphasized that federal courts are "courts of limited jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34, reh'g denied, 140 S. Ct. 17, 204 L. Ed. 2d 1172 (2019) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U. S. 375, 377 (1994)). "[T]he district courts may not exercise jurisdiction absent a statutory basis." Home Depot, 139 S. Ct. at 1746 (quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U. S. 546, 552 (2005)). "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." Home Depot, 139 S. Ct. at 1746 (quoting 28 U.S.C. § 1331).

---

² In AmeriPride, the underlying claims in the consolidated actions were brought under federal environmental statutes, including CERCLA, "but also include[d] common law and statutory claims based on California law." AmeriPride Servs. Inc. v. Valley Indus. Servs., Inc., No. CIVS 00-113 LKK JFM, 2007 WL 1946635, at *1 (E.D. Cal. July 2, 2007). The court noted "[w]ithin the Ninth Circuit, a court's authority to review and approve settlements and to enter bar orders has been expressly recognized," and "also applies to settlement of state claims in a federal action." Id. at *2. The court also noted "[a] settling party in a federal action involving California claims can file a motion seeking a good faith determination. . And federal courts in California have jurisdiction to apply the Tech–Bilt factors in ruling on such a motion." Id. at *3 (citing Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990)).

These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively. Home Depot, 139 S. Ct. at 1746. "In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." Id. "Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court [and] [t]o remove under this provision, a party must meet the requirements for removal detailed in other provisions." Id. (quoting 28 U.S.C. § 1441(a)). As relevant to Kaweah here, "a defendant cannot remove unilaterally [and] [i]nstead, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.' " Id. (quoting 28 U.S.C. § 1446(b)(2)(A)).

It is clear that "[w]hen a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." Mason & Dixon, 632 F.3d at 1060. The Ninth Circuit "has held that California Code of Civil Procedure section 877 constitutes substantive law," and that it may be applied to California state law claims in federal court. Id. ("The district court correctly applied California law to resolve ITG's motion to dismiss pursuant to good faith settlement.") (citations omitted); see also Rodriguez, 2014 WL 12709431, at *2 ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, it may make a determination of good faith settlement under sections 877 and 877.6."); Manikan v. Pac. Ridge Neighborhood Homeowners Ass'n, No. 17CV467-BEN(JLB), 2019 WL 522601, at *4 (S.D. Cal. Feb. 8, 2019) ("Unless there is some federal policy or interest that conflicts with the application of state law, Federal Courts in California considering cases involving pendant state law claims have applied the substantive part of California's settlement law in sections 877 and 877.6 to determine whether a partial settlement is in good faith."), report and recommendation adopted, No. 317CV00467BENJLB, 2019 WL 1294007 (S.D. Cal. Mar. 21, 2019), rev'd and remanded sub nom. Manikan v. Peters & Freedman, L.L.P., 981 F.3d 712 (9th Cir. 2020).

While Section 877 is considered substantive, as noted in the supplemental briefing, the

8

Ninth Circuit has stated "Section 877.6 is essentially a procedural statute." Fed. Sav. & Loan, 904 F.2d at 511 ("The section 877.6 procedures do not govern a federal action even though the settlement agreement provides that California law applies. It is the substantive provisions of California law that are applicable (in this case section 877). However, nothing is to prevent the district court from granting a motion for an early determination of the good faith question. In fact, it makes eminent good sense to do so."); see also M.S. by Nilo v. United States, No. 1:19-CV-00728-SKO, 2020 WL 1234554, at *2 n.3 (E.D. Cal. Mar. 13, 2020) ("Although section 877.6 is a procedural statute, not a substantive statute, the Ninth Circuit has determined that there is no federal procedural impediment to a district court's entertaining 'a motion for an early determination of the good faith question,' and so such a motion can be properly brought before the court.") (quoting Fed. Sav. & Loan, 904 F.2d at 511); Manikan, 2019 WL 522601, at *5 ("California Code of Civil Procedure section 877.6 'is essentially a procedural statute' and the procedures set forth in section 877.6 'do not govern a federal action' . . . On the other hand, Federal Courts generally apply section 877.6 to the extent its provisions are 'bound up' with the definitions of the parties' rights and obligations under state law.") (citations omitted).

Thus, the above legal standards do not appear to be in dispute. Nonetheless, while Kaweah's supplemental briefing focuses on an argument that making a good faith determination is within the Court's jurisdiction because the claims against Kaweah are really state law claims with an embedded federal question, Kaweah doesn't explain how this would translate to the Court properly applying California state settlement law over claims that may fall under this doctrine, nor provided any relevant case law. The Court has not located any clear case law on such argument. More importantly, Kaweah has glossed over the fact that the notice of removal primarily argues that the state law claims are completely preempted and are in fact federal claims.[3] Accordingly, if the motion to remand is denied in its entirety, the District Judge may

---

[3] The notice of removal proffers the complaint asserts a claim arising under federal law within the meaning of 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). (ECF No. 2 at 3-4.) The notice of removal submits that Plaintiffs' state law claims are completely preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006) (the "PREP Act"), and argues that where there is complete preemption, the "preemptive force of federal law is so powerful that it displaces any state law cause of action, and leaves room only for a federal claim for purposes of the 'well-pleaded complaint' rule." (ECF No. 2 at 4.) Specifically, the notice of removal primarily

conclude state law is completely preempted as to all the causes of action, and given the above case law demonstrating the California settlement law only applies to the state causes of action brought under supplemental jurisdiction, Kaweah has not explained how a good faith ruling on these causes of action is proper at this point. The Court finds it is not.

Further, Kaweah has not addressed the issue of the impact of a decision from the District Judge that may grant Plaintiff's motion to remand in its entirety. The Court finds it would be improper to make a good faith determination under California law as to potentially wholly California state law claims that the Court did not have properly have jurisdiction over. See Avitts v. Amoco Prod. Co., 53 F.3d 690, 692, 694 (5th Cir. 1995) ("The district court lacked subject matter jurisdiction over this action and was therefore without authority to enter its orders. The orders of the district court are vacated, and this matter is remanded to the district court with instructions to remand this action to the state court."); Ericson v. Los Gatos Union Sch. Dist., No. C 09-00793 JW, 2010 WL 11706687, at *1 (N.D. Cal. Aug. 19, 2010) (in adjudicating a motion for good faith settlement and motion to dismiss for lack of jurisdiction following dismissal of the only defendants with federal claims against them, declining to exercise supplemental jurisdiction over the state law claims without making a ruling on the good faith motion, and dismissing claims without prejudice to renewal in state court).

Finally, federal question jurisdiction only requires one claim to be identified as a federal question, and the Court may exercise supplemental jurisdiction over sufficiently related claims. See 28 U.S.C. § 1367; Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13 (1983) ("[The] complaint sets forth two 'causes of action,' one of which expressly refers to ERISA; if either comes within the original jurisdiction of the federal courts, removal was proper as to the whole case.") (citing 28 U.S.C. § 1441(c)). If there is a ruling finding some but not all of the causes of action fall under federal original jurisdiction, and

---

argues Plaintiffs' "claims are preempted by the PREP Act . . . Congress has provided an exclusive remedy and exclusive federal jurisdiction for the substance of the allegations and relief sought in the Complaint thereby preempting State law with respect to the claims raised in the Complaint [and] . . . Defendant's administration of countermeasures such as the use of facemasks and other PPE . . . presents a federal question under the PREP Act giving this Court original jurisdiction preempting the state claims asserted by Plaintiff in the Complaint." (ECF No. 2 at 8.)

some causes of action fall under supplemental jurisdiction and are considered California state law claims, then it could be appropriate for the Court to make a good faith determination as to those state law claims. However, Kaweah has not demonstrated why it would be appropriate to make such determination as to any claim prior to the determination of the motion to remand.

The Court has not located any pointed authority on this precise issue of parties seeking to approve an unopposed motion for good faith settlement while a motion to remand is pending, but many courts hold motions to dismiss, rooted in statutory and rule based law – and other motions in abeyance while a motion to remand questioning the Court's jurisdiction is pending. The Court recommends a similar course here. See Travis Gene Estep Irrevocable Tr. v. Wireless Toyz Franchise, LLC, No. CV 05-166-E-LMB, 2005 WL 1863320, at *1-2 (D. Idaho Aug. 4, 2005) ("Defendant . . . has filed a Motion to Transfer Case and/or Dismiss Under FRCP 12(b)(3) and 12(b)(5) . . . Plaintiff has filed a Motion to Amend Complaint . . . and a Motion to Remand Case to State Court . . . Because the Motion to Remand is based on Plaintiff's assertion that this Court lacks subject matter jurisdiction, the Court will first address whether it has jurisdiction to decide the pending motions . . . the Court concludes that it lacks jurisdiction over this action and grants Plaintiff's Motion to Remand. The remaining motions are now moot."); Cabalce v. VSE Corp., No. CIV. 12-00373 JMS, 2012 WL 3614204, at *1 (D. Haw. July 31, 2012) ("In light of the *Cabalce* Plaintiffs' Motion for Remand and Motion to Strike, the Court finds that it is inappropriate to decide the Motions to Consolidate prior to the District Judge's determination of whether this Court has subject matter jurisdiction."), report and recommendation adopted, No. CV 12-00373 JMS-RLP, 2012 WL 3614182 (D. Haw. Aug. 20, 2012); Allen v. Utiliquest, LLC, No. C 13-4466 SBA, 2013 WL 12181780, at *1 (N.D. Cal. Oct. 24, 2013) ("Defendants' motion for summary judgment shall be held in ABEYANCE pending adjudication of Plaintiff's motion to remand."); Tanner v. Kaiser Found. Health Plan, Inc., No. C 15-02763-SBA, 2015 WL 6081771, at *5 (N.D. Cal. Oct. 15, 2015) ("Defendants' Motion to Dismiss and Motion to Strike Pursuant to Rule 12(b)(6), Dkt. 6, has been held in abeyance pending resolution of the Motion to Remand."); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding

the presence of other motions pending before the court.") (collecting cases); Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot., 23 F.3d 1134, 1139 n.10 (7th Cir. 1994) ("But in any case the point of § 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance.").

Accordingly, the Court recommends the motion for good faith settlement be held in abeyance until a ruling on the motion to remand is issued, or be denied without prejudice to renewal following a ruling on the motion to remand.[4]

### B. If there were no Outstanding Jurisdictional Issues over State Law Claims Falling Under Supplemental Jurisdiction, the Court Would Recommend Granting the Good Faith Motion

While the Court does not recommend issuing a good faith determination at this time, the Court will provide the District Judge with the applicable legal standards that apply to an unopposed motion for good faith determination. As the standards are lenient, if there were no jurisdictional issues present, or if the District Judge disagrees with the previous recommendation to hold the motion in abeyance, following objections by Kaweah or otherwise, the Court would recommend granting the motion on the merits as explained below.

#### 1. The Claims to be Settled as Presented in the Moving Papers

Decedent Joseph Gagliolo was admitted to Kaweah in 2016 due to his need for continuous care. (Mot. 3.) Plaintiffs allege that when the decedent was admitted to the facility, he was known to be a fall risk. (Id.) On or about October 11, 2019, the decedent got out of bed to use the restroom and suffered a left hip fracture when he fell. (Id.) Decedent was transferred to Kaweah Delta Medical Center for surgery, then discharged on October 16, 2019, to Redwood Springs Healthcare Center, the facility ran by Defendant Spruce. (Id.) Plaintiffs contend that on or about April 15, 2020, the decedent contracted COVID-19 at the Redwood Springs Healthcare Center. (Id.) On April 27, 2020, the decedent passed away. (Id.) Plaintiffs allege the wrongful

---

[4] If held in abeyance, given the issues may remain of which claims are federal or state in nature after a decision on the motion to remand, the Court would recommend ordering supplemental briefing on such issues following the decision. Alternatively, denying now without prejudice will allow the briefing in the renewed motion to specifically address the decision on the motion to remand.

12

1 acts and omissions of Kaweah amount to negligence, elder abuse, willful misconduct, and
2 wrongful death under California law. (Mot. 3; Decl. Lann G. McIntyre Supp. Mot. Good Faith
3 Settlement ("McIntyre Decl.") ¶ 3, ECF No. 34 at 7; Compl., ECF No. 3-1.)

        2.      <u>The Settlement Agreement as Described in the Moving Papers</u>

Kaweah proffers it and the Plaintiffs entered into the settlement after considerable discussions regarding the allegations of the complaint and review of the decedent's medical records. (Mot. 3; McIntyre Decl. ¶¶ 4-8.) Kaweah proffers the settlement is the result of arms-length negotiations whereby Kaweah agreed to pay Plaintiffs the sum of $65,000 in exchange for a dismissal of the entire action against Defendant Kaweah.[5] (Mot. 3; McIntyre Decl. ¶¶ 4-8.) In exchange, Plaintiffs agreed to dismiss with prejudice, all of their claims, both known and unknown, against Kaweah. (Mot. 4.) The settlement is entered into without any admission of liability or fault on the part of Kaweah. (<u>Id.</u>) Counsel for Kaweah specifically proffers reasons why the settlement is fair in consideration of the expenses and risks of continued litigation, and argues the <u>Tech-Bilt</u> factors weigh in favor of granting the motion. (McIntyre Decl. ¶¶ 4-8.)

        3.      <u>The Court finds the Settlement was Reached in Good Faith</u>

Kaweah argues that "[i]n light of the circumstances surrounding Joseph Gagliolo's alleged injuries at [Kaweah's] facility in 2019, the $65,000 settlement is fair and reasonable consideration for the compromise, release, and waiver of the claims stated herein and represents a fair approximation of [Kaweah's] role in Plaintiff's alleged damages." (Mot. 5; McIntyre Decl. ¶¶ 4-8.) Kaweah further states "[t]his is particularly true considering that [Kaweah's] liability is limited to only incident that took place five-months prior to decedent contracting COVID-19." (<u>Id.</u>)

The stipulation of all the parties filed on May 17, 2021, proffers that issuing an order finding the settlement in good faith pursuant to the stipulation will obviate the need for the Court

---

[5] The Court takes this information from the declaration, as the memorandum of points and authorities does not state the settlement terms as clearly or directly as the attached declaration. (<u>See</u> Mot. 3.) For example, the memorandum states that Kaweah "agreed to pay to Plaintiff Gary Gagliolo, as the Successor-In-Interest to the Estate of Joseph Gagliolo the sum of $65,000 to settle the wrongful death claim brought against KAWEAH on behalf of Plaintiff [and] [i]n exchange, Plaintiffs Gary Gagliolo, individually and as Successor-In-Interest to the Estate of Joseph Gagliolo, agreed to dismiss with prejudice in exchange for a waiver of costs all claims for Negligence, Willful Misconduct, Elder Abuse." (Mot. 3-4.)

13

1  to consider a good faith settlement motion. (ECF No. 35.) The parties agree that the settlement
2  between Plaintiffs and Kaweah was made in good faith pursuant to California Code of Civil
3  Procedure 877.6, and that the amount of the settlement was reasonable and "in the ballpark" of
4  the settling Defendant's proportionate share of liability, based on the Tech-Bilt factors. (ECF
5  No. 35 at 2.) Thus, the stipulating parties submit that based on the good faith settlement, all
6  pending, potential and future complaints and cross-complaints for total equitable indemnity,
7  equitable comparative contribution, partial indemnity or comparative indemnity, arising from
8  this litigation, whether existing now or in the future, are therefore barred. (Id.)

9  Given there is no opposition to the motion, and indeed now that all the parties have
10 submitted a stipulation requesting a determination of good faith from the Court, the Court finds it
11 is not necessary to fully consider the Tech-Bilt factors. City of Grand Terrace, 192 Cal. App. 3d
12 at 1261 ("[W]hen no one objects, the barebones motion which sets forth the ground of good
13 faith, accompanied by a declaration which sets forth a brief background of the case is
14 sufficient."); Bonds, 2008 WL 4104272, at *5 ("Because no opposition to the motion has been
15 filed . . . the *Tech-Bilt* factors are not considered or weighed). The Court finds the motion sets
16 forth the basis of good faith, and is accompanied by a sufficient declaration explaining the
17 settlement and background of the case. Id.

18 Even if the Court were to perform a cursory review of the Tech-Bilt factors out of an
19 abundance of caution, based on the moving papers and declaration of counsel, as well as the
20 parties' stipulation, the Court finds no factors weigh against making a good faith settlement
21 determination. See Lieberman, 2018 WL 10689527, at *2; Gallo Glass Co., 2019 WL 1090777,
22 at *3. There is no evidence the settlement resulted from fraud, collusion, or tortious conduct; the
23 settlement amount appears fair and reasonable given the timeline of involvement of Kaweah and
24 defenses to both liability and damages in this case; and all parties are represented by competent
25 counsel, who have chosen not to oppose the terms of the settlement, nor the request that the
26 Court deem the settlement to have been made in good faith. See Gallo Glass Co., 2019 WL
27 1090777, at *3.

28 While the Court does not recommend issuing a good faith determination at this time, the

Court will provide the District Judge with the applicable legal standards that apply to an unopposed motion for good faith determination. As the standards are lenient, if there were no jurisdictional issues present, or if the District Judge disagrees with the previous recommendation to hold the motion in abeyance, following objections by Kaweah or otherwise, the Court would recommend granting the motion on the merits as explained below.

Accordingly, while the Court does not recommend issuing a good faith determination at this time due to the notice of removal and pending motion to remand, if there were no jurisdictional issues concerning what claims are state or federal in nature, in the absence of any objection, and based on the existing record in this case, the Court would find that Defendant Kaweah's settlement reached with Plaintiffs was made in good faith and otherwise complies with California Code of Civil Procedure §§ 877 and 877.6.

## V.

## RECOMMENDATIONS AND ORDER VACATING HEARING

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Kaweah's unopposed motion for determination of good faith settlement filed May 7, 2021 (ECF No. 34), be held in abeyance, or denied without prejudice to renewal, until the pending motion to remand is adjudicated;

2. If held in abeyance and the motion to remand is granted, the Court should deny the motion for determination of good faith settlement for lack of jurisdiction;

3. If the motion to remand is denied in whole or part, the Court should require Defendant Kaweah to address the issue of which claims, if any, are properly subject to a good faith determination under California law, in supplemental briefing if the motion was held in abeyance, or in a renewed motion if it was denied without prejudice.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the hearing set before the undersigned on June 9, 2021, is HEREBY VACATED.

IT IS SO ORDERED.

Dated: **June 8, 2021**

_____
UNITED STATES MAGISTRATE JUDGE