UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GAGLIOLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-01719-NONE-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR GOOD FAITH SETTLEMENT WITHOUT PREJUDICE TO RENEWAL FOLLOWING DECISION ON PENDING MOTION TO REMAND<br><br>(Doc. Nos. 34, 40) |

     On September 11, 2020, Gary Gagliolo, individually and as successor-in-interest to the estate of Joseph Gagliolo ("plaintiffs"), commenced this action in the Tulare County Superior Court, against defendant Kaweah Manor, Inc., dba Kaweah Manor Convalescent Hospital ("Kaweah"), and defendant Spruce Holdings, LLC, dba Redwood Springs Healthcare Center ("Spruce"). (Doc No. 3-1 at 2.) The action was removed to this federal court on December 7, 2020. (Doc Nos. 1, 2, 3, 4.) On January 22, 2021, plaintiffs filed a motion to remand that is currently pending before the undersigned. (Doc. No. 14.)

     Also before the court is a motion for a determination of good faith settlement under California Code of Civil Procedure §§ 877 and 877.6 filed by defendant Kaweah concerning the resolution of all claims brought by plaintiffs against Kaweah. (Doc. No. 34.) All parties stipulated to the entry of the good faith settlement determination. (Doc. Nos. 34, 35.) The

motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2021, the assigned magistrate judge issued findings and recommendations providing alternate recommendations for the undersigned to consider. (Doc. No. 47.) Specifically, the magistrate judge recommended Kaweah's motion for good faith settlement could be held in abeyance, or dismissed without prejudice, until a decision on the pending motion to remand is rendered. If held in abeyance, the magistrate judge recommended that if the motion to remand is granted, the motion for good faith determination should be denied for lack of jurisdiction. Further, the magistrate judge recommended that if the motion to remand is denied in whole or part, defendant Kaweah should be required to address the issue of jurisdiction through supplemental briefing if the motion were held in abeyance, or in the renewed motion if denied without prejudice. Finally, the findings and recommendations also provided the relevant legal standards applicable to the unopposed motion, and recommend granting the unopposed motion if there were no apparent jurisdictional issues. (Doc. No. 40 at 12-15.)

The findings and recommendations were served on all of the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 15-16.) No parties filed any objections. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis. In consideration of the recommendations, the court will deny defendant Kaweah's motion without prejudice to its renewal, if appropriate, after the motion to remand is ruled upon. While alternative recommendations were provided, the undersigned will consider the findings and recommendations adopted in full.

Accordingly,

1. The findings and recommendations issued on June 8, 2021, (Doc. No. 40), are adopted in full;

2. Defendant Kaweah's motion for good faith settlement filed on May 7, 2021, (Doc. No. 34), is denied without prejudice to its renewal following a decision on the

pending motion to remand; and

3. If the motion to remand is denied in whole or part, defendant Kaweah shall address the issue of which claims, if any, are properly subject to a good faith determination under California law by this court, if it chooses to file a renewed motion for a determination of a good faith settlement.

IT IS SO ORDERED.

Dated: **June 29, 2021**

UNITED STATES DISTRICT JUDGE