UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GONZALEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER, et al.,<br><br>    Defendants. | No. 1:20-cv-01260-NONE-EPG<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |
| GARY GAGLIOLO,<br><br>    Plaintiff,<br><br>    v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>    Defendants. | No. 1:20-cv-01719-NONE-SAB<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |
| MARX FORD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER, et al.,<br><br>    Defendants. | No. 1:21-cv-00871-NONE-SAB<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |

1

| | |
|---|---|
| MONICA STERLING, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER, et al.,<br><br>        Defendants. | No. 1:21-cv-00872-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |
| JOHN MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>COVENANT LIVING WEST,<br><br>        Defendant. | No. 1:21-cv-01303-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |
| JOHN MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>COVENANT LIVING WEST,<br><br>        Defendant. | No. 1:21-cv-01393-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |
| DALLENE ROCCARO, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COVENANT LIVING COMMUNITIES & SERVICES,<br><br>        Defendant. | No. 1:21-cv-01416-NONE-SAB<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED PENDING NINTH CIRCUIT DECISION |

    The above-captioned matters are state-law actions concerning nursing homes' responses to the coronavirus pandemic. They were initially filed in California state courts and were subsequently removed to this U.S. District Court on the basis of federal-question jurisdiction.

The notice of removal in each case asserts, among other things, that the state law causes of action are preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006) (the "PREP Act"). Plaintiffs in each action have filed a motion to remand.

On October 21, 2021, the Ninth Circuit held oral argument in *Saldana v. Glenhaven Healthcare LLC*, No. 20-56194. According to the opening brief, the issues presented to the Ninth Circuit for review in *Saldana* were as follows:

> 1. Did the district court err in its interpretation and application of the federal officer removal statute, 28 U.S.C. § 1442(a)(1), by failing to recognize that Defendants' response to the pandemic was at the specific direction of, and to assist, the federal government, such that Defendants were "acting under" a federal officer as contemplated by § 1442(a)(1) and *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007)?
>
> 2. Did the district court err in its interpretation of the PREP Act's complete preemptive effect by failing to construe the various components of the PREP Act together?
>
> 3. Did the district court err in failing to recognize that Plaintiffs' state claims raise embedded federal issues pursuant to *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) that compel granting federal jurisdiction because of the need for uniformity in the interpretation and enforcement of federal law in responding to the COVID-19 pandemic, which has affected every state in the country?

*Saldana*, Doc. No. 16, at 17–18.

The parties in the above-captioned matters have briefed similar issues. (*See Gonzalez*, Doc. No. 16 (in opposition to motion to remand, making arguments concerning PREP Act, *Grable*, and federal officer statute); *Gagliolo*, Doc. No. 21 (similar); *Ford*, Doc. No. 9 (similar); *Sterling*, Doc. No. 8 (similar); *Moore*, No. 1:21-cv-01303-NONE-SKO, Doc. No. 15 (similar); *Moore*, No. 1:21-cv-01393-NONE-SKO, Doc. No. 11 (similar); *Roccaro*, Doc. No. 1 (similar, in notice of removal).) Given the pending appeal before the Ninth Circuit, it appears to the court that a stay of these actions until the Ninth Circuit issues its decision in *Saldana* may be warranted.

/////
/////
/////
/////

3

Accordingly, within fourteen days of the date of entry of this order, the parties are ordered show cause in writing why these matters should not be stayed until the Ninth Circuit issues its decision in *Saldana*. Any responses to this OSC must be no longer than seven pages in length. Alternatively, the parties in each case may file a stipulation addressing the procedural situation.

IT IS SO ORDERED.

Dated:   **November 9, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE